**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　　　　　　*Plaintiff,*<br><br>　　v.<br><br>YALE UNIVERSITY, YALE UNIVERSITY BOARD OF TRUSTEES, WENDY TSUNG in her individual and official capacity, K. GEERT ROUWENHORST in his individual and official capacity, JACOB THOMAS in his individual and official capacity, SHERILYN SCULLY in her individual and official capacity, JAMES CHOI in his individual and official capacity, and ANJANI JAIN in his individual and official capacity,<br><br>　　　　　　　　　　*Defendants.* | Civil Action No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S *EX PARTE* MOTION TO
<u>PROCEED UNDER PSEUDONYM</u>**

**NESENOFF & MILTENBERG, LLP**
Attorneys for Plaintiff
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500

Plaintiff John Doe (hereinafter referred to as "Plaintiff" or "John Doe"), by his attorneys Nesenoff & Miltenberg, LLP, moves this Court for an order authorizing Plaintiff to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff.

As stated in detail in Plaintiff's Memorandum of Law in support of this Motion, in light of the serious nature of the allegations contained in the Complaint, Plaintiff is justifiably concerned about the potential irreparable harm that could further prevent Plaintiff from proceeding with his future endeavors. Plaintiff's identity as described in the Complaint should not be disclosed to the public due to the nature of the allegations in said Complaint. *See* Declaration of Christine D. Brown, Esq. attached to Plaintiff's Motion to Proceed Under Pseudonym. Plaintiff is prepared to provide a statement of his true identity under seal, upon the Court's Request.

## STATEMENT OF FACTS

This case arises out of the acts and omissions of Defendants, and their employees and/or agents, against Plaintiff, a student in Yale School of Management's ("SOM") Executive Master of Business Administration Program ("EMBA") program, resulting in erroneous findings of a Yale Honor Code[1] ("Honor Code") violation, a one-year suspension from the EMBA program, and a grade of "F" in a course. (Compl. ¶ 3).

### A. Plaintiff's Background in Yale's Executive MBA Program.

Graduating from the Yale School of Management is an extraordinary honor that requires dedication and self-sacrifice. (Compl. ¶ 1). In exchange for completing a rigorous courseload over two years, students receive a degree that brings life-changing opportunities. *Id*. To protect the integrity of the degree, the Yale School of Management and all students promise to follow a set of rules regarding academic conduct and discipline. *Id*. All students must follow the rules in order to

---

[1] Yale School of Management Honor Code, 2024-25, https://bulletin.yale.edu/bulletins/som/rights-and-responsibilities-students (last visited January 1, 2025).

1

graduate. *Id*. And likewise, the Yale School of Management must itself follow the rules before a student can be removed from the program and deprived of a degree. *Id*. The rules enforce fairness, protect students, and ensure that no student is deprived of a degree wrongfully. *Id*.

The coursework that Plaintiff has completed in his EMBA program to date has been with the class of 2025, and he has built strong personal and professional relationships with this group of students, and with his instructors. (Compl. ¶ 31). Plaintiff excelled academically in Yale's EMBA program, and was on track to be the Student Marshall / Valedictorian for his 2025 graduating class. This will be jeopardized if his academic record includes a wrongfully issued grade of "F", and he is not permitted to graduate with his class. (Compl. ¶ 136, 138).

**B. Yale's Wrongful Disciplinary Investigation, Decision, and Penalties.**

In this case, the Yale School of Management wrongfully suspended Plaintiff for one-year, and gave him a grade of "F", after accusing him of cheating on an exam using Artificial Intelligence, which was false. (Compl. ¶ 2). Yale's Honor Committee conducted a disciplinary process that was neither thorough nor impartial, and deprived Plaintiff of his fundamental rights to a fair proceeding, proper notice of the evidence against him, including exculpatory evidence, and the opportunity to present his case to impartial hearing and appeal panels. (Compl. ¶ 4). During the investigation, Plaintiff was wrongfully pressured to falsely confess to cheating on his final exam by Dean Scully, and Chair Choi. Plaintiff was not given the documents that constituted evidence against him until after the original hearing date, and has never received all of those documents. (Compl. ¶ 5). Defendants also failed to produce exculpatory materials, as required under the rules. *Id.*

Defendants used AI detection tools that they knew were not reliable —and that Yale's own policy forbid using—against Plaintiff. (Compl. ¶ 6). Contrary to the rules, on the day of Plaintiff's hearing, the Honor Committee demanded that Plaintiff return for a second hearing that same day,

without reasonable notice, and when Plaintiff was not on campus or available. (Compl. ¶ 7). Rather than schedule a date and time, and provide Plaintiff with notice of that second hearing, as required under the rules, the Committee held the meeting anyway, without providing Plaintiff with an opportunity to attend, and made a decision against him at that meeting. *Id*.

On the basis of Yale's erroneous, biased decision, Yale first issued Plaintiff a finding of responsibility for "not being forthcoming" (with no prior notice of such charge), and suspended him for one year, but made no finding as to the actual sole charge of "improperly utilized Artificial Intelligence on the final exam in the course". (Compl. ¶ 8). Yale did not follow the required procedural rules in bringing this new charge of "not being forthcoming". *Id*. Plaintiff was not given fair notice or opportunity to defend the new charge of "not being forthcoming" against him. *Id*.

Defendants continued to violate the rules during the appellate process. (Compl. ¶ 9). During Plaintiff's appeal, his case was unilaterally sent back to the Honor Committee to "continue deliberating" on a new *third* and vague charge of "violation of the examination rules". *Id*. Plaintiff was not afforded notice, or an opportunity to participate in the hearing on this third charge. *Id*.

The Honor Committee then issued a penalty of an "F" in the course on this third charge. (Compl. ¶ 10). The Honor Committee made this determination without providing Plaintiff with any basis for its decision, with no analysis of the facts and rules that supported such determination, and with no conclusions made regarding the initial and sole official charge against him, that he "improperly utilized Artificial Intelligence on the final exam". *Id*. Even though the Committee claimed to have made a determination on the original allegation that Plaintiff "improperly utilized Artificial Intelligence on the final exam", the Committee made no findings of fact, and made no analysis of those facts against the Honor Code rules, or conclusions regarding how Plaintiff

3

improperly used AI on his exam. (Compl. ¶ 11). The Honor Committee instead issued a finding that Plaintiff had violated the third vague charge of violating the "rules" of the final exam. *Id*.

In addition to violating the rules in the adjudicative process, the penalty that Defendants imposed also violated the rules. (Compl. ¶ 12). The rules allow for a "Mandatory F in course" or "Suspension of one or more terms + mandatory F in course" or "other sanctions of intermediate severity". *Id*. In this case, Defendants imposed two separate penalties 1) a one-year suspension, and 2) "F" in the class. *Id*.

### C. Harms to Plaintiff.

As a result of Defendant's wrongful and unethical conduct, Plaintiff currently cannot continue his education in Yale's EMBA program, and has lost at least one year of the financial benefits that accompanied attending the prestigious program. (Compl. ¶ 13). Plaintiff has political aspirations, which he informed the Honor Committee of at his hearing, which may be irreparably harmed by disclosure of his identity in this action. (Decl. ¶ 10). Plaintiff has serious concerns regarding his reputation with his Yale peers and instructors, and how that will impact his future academic ambitions and career. (Decl. ¶ 7, 9, 10).

Due to Defendants' acts and omissions, Plaintiff will no longer be able to graduate from his EMBA program with his classmates, nor will he finish in the top of his class as was his trajectory. *Id*. Plaintiff has been severely emotionally harmed by the unfair and unreasonable process, and the unjust results, and the disclosure of his identity in this court action will exacerbate that harm. *Id*. Plaintiff believes that using his true name in the instant action will cause him to suffer enduring and significant impact to his future career, education, and potential earnings. *Id*.

In a letter dated December 12, 2024 regarding his suspension, from Wendy Tsung, Assistant Dean, MBA for Executives Program. (Declaration of Christine D. Brown ("Decl."), ¶ 8-9, Exhibit

4

A),[2] Plaintiff was instructed to "notify [his] learning teams regarding [his] status" of a one-year suspension (emphasis added). Plaintiff has not complied with this request from Yale to inform his classmates of his suspension, because of the irreparable harm that it will cause his reputation with fellow students and instructors, and his future career. (*Id.*, ¶ 9; Compl. ¶ 134).

It will be extremely harmful to Plaintiff's reputation with his fellow classmates and instructors, his potential future academic endeavors, his future career, and his emotional well-being, if his true name were disclosed in the instant court action. (Compl. ¶ 13, 30, 134, 203, 206, 213).

## ARGUMENT

Plaintiff brings the instant action against Defendants to obtain relief based on causes of action for breach of contract, breach of an implied covenant of good faith and fair dealing, discrimination based on national origin in violation of Title VI of the Civil Rights Act of 1964, retaliation for complaint of discrimination based on national origin in violation of Title VI of the Civil Rights Act of 1964, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Compl. ¶ 14).

**A. Balancing Test Factors.**

Federal Rule of Civil Procedure 10(a) requires that a complaint "include the names of all the parties." Fed.R.Civ.P. 10(a). However, where a plaintiff, as here, has special circumstances that warrant anonymity, many federal courts have granted leave to proceed anonymously. It is a matter within the Court's discretion whether to approve a plaintiff's pseudonym. *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001); *Javier H. v. Garcia-Botello*, 211 F.R.D. 194, 195 (W.D.N.Y. 2002). Courts must balance whether "the party's need for anonymity

---

[2] Exhibit A was redacted to remove John Doe's true name and address.

outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

The Second Circuit has articulated a number of potential factors that the Court may consider when conducting this balancing analysis, among others:

- whether the litigation involves matters that are *highly sensitive* and of a *personal nature*;
- whether identification presents other harms and the likely severity of those harms, including *whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity*;
- whether the *public's interest in the litigation is furthered* by requiring the plaintiff to disclose his identity;
- whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
- whether the *defendant is prejudiced* by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice, if any, differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
- whether the suit challenges the actions of the government or that of private parties;
- whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Smith v. Edwards,* 175 F.3d 99, 99 n. 1 (2d Cir.1999)(holding that the privacy of the plaintiff's child merited the use of pseudonyms for plaintiff and his family); *Plaintiff v. Cuomo*, 2013 WL 1213174, at *5 (N.D.N.Y. Feb. 25, 2013)(the court provides a non-exhaustive list of factors, some of which were not included here)(emphasis added).

As outlined below, a balancing of factors applicable in this case leads to the conclusion that Plaintiff should be permitted to proceed anonymously.

**B. This Action Involves Matters Of A Highly Sensitive And Personal Nature, And Disclosure Of Plaintiff's Identity Would Result In Same Injury Litigated Against.**

Plaintiff should be permitted to proceed under a pseudonym given the highly sensitive and personal nature of this litigation. Plaintiff does not merely contend that the revelation of his name would result in embarrassment or public humiliation. Rather, Plaintiff notes the highly sensitive nature and privacy issues that could be involved with being falsely linked to an honor code violation.

6

Numerous courts around the country have permitted plaintiffs with claims against colleges and universities to proceed anonymously. *See e.g. Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016)( Title IX case alleging wrongful allegations of sexual misconduct where Plaintiff allowed to proceed anonymously); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009)(Title IX case where Plaintiff allowed to proceed anonymously); *Doe v. Univ. of Massachusetts-Amherst*, 2015 WL 4306521 (D. Mass. 2015)(Title IX case where Plaintiff allowed to proceed anonymously); *Doe v. Univ. of S. Florida Bd. of Trustees*, 2015 WL 3453753 (M.D. Fla. 2015)( Plaintiff allowed to proceed anonymously in case on suspension for violation of student code of conduct); *Plaintiff v. Salisbury Univ.,* 2015 WL 3478134 (D. Md. 2015)(Title IX case where Plaintiff allowed to proceed anonymously).

In *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012), the Court stated, "With respect to the individual students involved in the Student Conduct Code proceeding ... the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names". The Court noted, "all that would be achieved by requiring Doe to proceed publicly at this stage would be the embarrassment of all parties involved. *Id.* at *2.

In this case, Plaintiff should similarly be permitted to proceed anonymously due to the highly sensitive and personal nature associated with being falsely accused of an honor code violation. If Plaintiff's identity is disclosed in this action, he will suffer enduring and significant impact to his future career, potential earnings, academic endeavors, and political aspirations. He would be ostracized by his exceptional peers and the Yale community. His personal and professional reputation with his fellow classmates and instructors is very important to him, and will be irreparably harmed if he is not granted leave to proceed in this action pseudonymously.

7

Disclosure of Plaintiff's identity in this action would also cause him experience extreme emotional distress. Plaintiff's right to defend himself against the false allegations and improper procedures of Yale will be impaired if he is unwilling to proceed with this action because his name must be disclosed. Even if Plaintiff were to prevail in this action, the disclosure of his true name would cause serious irreparable harm to him reputation.

In fact, the disclosure of Plaintiff's name in this court action would result in the same injury against Plaintiff which he is litigating against in the instant action. Thus, Plaintiff should be granted leave to proceed in this action pseudonymously.

**C. Disclosure Of Plaintiff's Identity Would Result In Substantial And Irreparable Harm.**

In addition, Plaintiff should be permitted to proceed anonymously in this matter as the revelation of his identity would result in significant harm to Plaintiff, the exact type which he seeks to remedy by the commencement of this lawsuit. Should Plaintiff be required to reveal his identity publicly, any ultimate success in this matter would be negated by the disclosure of his name.

Specifically, even if he achieved his objective of removing the sanction of suspension and a grade of "F" from his academic records, and returning to Yale to complete the Yale SOM EMBA program, Plaintiff would be significantly hindered in his ability to pursue future career and educational endeavors, including completion of an MBA anywhere, any other graduate study, acquisition of and maintenance of professional licensure in the financial industry, and employment advancement opportunities, as any entity or employer would undoubtedly have access to the records related to the instant matter and discover that Plaintiff was wrongly accused of an honor code violation, which erroneously calls into question his ethical decision making.

The likelihood of Plaintiff's acceptance as a transfer student at an academic institution with a similar academic reputation, is significantly reduced or non-existent if Plaintiff is faced with the

social and professional stigma associated with being found responsible and suspended for an Honor Code violation, regardless of whether the decision is ultimately overturned as a result of this litigation.

Based on the foregoing, Plaintiff should be permitted to proceed anonymously, as requiring him to reveal his identity would result in significant harm to Plaintiff, including the exact damages he seeks to remedy in this matter, including physical, psychological, emotional and reputational damages, economic injuries, and the loss of educational and career opportunities.

### D. There Is A Weak Public Interest, The The Public Interest Is Not Furthered, By Knowing Plaintiff's Identity.

Plaintiff should also be permitted to proceed in this action anonymously because the public does not have a strong interest in knowing his identity, and the public's interest in the case is not furthered by knowing that information. Plaintiff's identity would not contribute to the public's interest in this case, because his challenges to Yale's wrongful disciplinary investigation, proceeding, decision and penalties against him are against a private entity, and they are more relevant to the student population at Yale as a whole - as to Yale's handling of disciplinary actions - than to him as an individual. *See Plaintiff No. 2 v. Kolko,* 242 F.R.D. 193, 195 (E.D.N.Y. 2006).

While in the past courts disfavored allowing plaintiffs to proceed anonymously except in extreme circumstances, the nature of the internet today is such that any plaintiff is readily identifiable, and his information accessible, via a simple online search. Therefore, courts must be willing to afford additional protective measures to avoid further damage to a plaintiff involved in a matter concerning such egregious and unfounded accusations.

Since there is simply nothing about the status of the Plaintiff that would heighten any public interest beyond the normal public interest in any judicial proceedings sufficient to outweigh Plaintiff's right to privacy. Furthermore, the public's knowledge will only be minimally restricted

as it will still know what is alleged to have occurred that resulted in the Honor Committee review, and how the Defendants investigated and adjudicated those charges. Allowing Plaintiff to proceed anonymously will not significantly obstruct the public's interest in this matter. Accordingly, there is not a strong public interest in knowing Plaintiff's identity as an individual.

### E. Defendants Will Not Be Prejudiced By Allowing Plaintiff To Proceed Pseudonymously.

Plaintiff should be permitted to proceed anonymously as Defendants will not be prejudiced in any way by defending themselves against an anonymous party. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Plaintiff No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Significantly, Defendants are already aware of Plaintiff's true identity.

Defendants will have an unobstructed opportunity to conduct discovery, present their defenses and litigate this matter, regardless of whether Plaintiff identifies himself or proceeds anonymously. However, revealing Plaintiff's name will cause significant prejudice to Plaintiff, and thus he should be granted leave to proceed anonymously.

### F. No Alternative Mechanisms Exist For Protecting The Confidentiality Of The Plaintiff.

There are no mechanisms available to the Plaintiff other than the use of a pseudonym in this action, to protect his identity and the harms that would result from disclosing that identity. The option of granting approval for the use of a pseudonym is precisely the mechanism that courts in the Second Circuit provide, under special circumstances such as here, to protect the Plaintiff from the harms of disclosing his identity. As such, Plaintiff asks the Court to grant the instant motion.

Based on the foregoing, in consideration of the balancing of relevant factors, the Court should allow Plaintiff to employ a pseudonym in this matter. The interests of Defendants and/or

the public will not be harmed at this early stage of the case if Plaintiff's name is not revealed. Plaintiff and his attorneys are prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to the public at a later stage in the proceedings.

## CONCLUSION

For these reasons, and such other reasons as may appear just to the Court, Plaintiff requests that his Motion to Proceed Under Pseudonym be granted in its entirety.

Dated: February 3, 2025  
      New York, New York

Respectfully submitted,

**NESENOFF & MILTENBERG, LLP**

*/s/ Christine D. Brown*  
**Christine D. Brown, Esq.**  
**Andrew T. Miltenberg, Esq.**  
(***pro hac vice*** **admission pending)**  
**Stuart Bernstein, Esq.**  
(***pro hac vice*** **admission pending)**  
**Kimberly S. Courtney, Esq.**  
(***pro hac vice*** **admission pending)**  
**363 Seventh Avenue, 5th Floor**  
**New York, New York 10001**  
**212-736-4500 (telephone)**  
**cbrown@nmllplaw.com**  
**amiltenberg@nmllplaw.com**  
**sbernstein@nmllplaw.com**  
**kcourtney@nmllplaw.com**

*Attorneys for Plaintiffs*