# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br>　　　Plaintiff,<br><br>v.<br><br>WESLEYAN UNIVERSITY,<br>　　　Defendant. | No. 3:14-cv-1735 (SRU) |

## RULING AND ORDER

The plaintiff in this case is "a male, graduating senior student at Defendant Wesleyan" University (Compl. ¶ 1) who alleges, among other things, that Wesleyan violated Title IX of the Education Amendments of 1972, breached express or implied agreements with him, and was negligent when it accepted what he says were wrongful accusations of sexual misconduct made against him by several female students. The allegedly wrongful accusations were allegations of "inappropriate text messages" and "non-consensual kissing" (Compl. ¶ 4). As a result of those allegations and Wesleyan's acceptance of them, he says, his "reputation has been tarnished, his future career and educational prospects have been imperiled, and his emotional and mental health [have] been severely compromised" (Compl. ¶ 5). He wishes to pursue his claims anonymously, and he has therefore captioned his complaint as being brought by John Doe and filed a motion to proceed under a pseudonym.

　　　The courts are a public resource, and court proceedings and filings are generally open to the public. *See generally Craig v. Harney*, 331 U.S. 367, 374 (1947) ("What transpires in the courtroom is public property."). There is a strong public interest in that openness, but there are, of course, some limited exceptions to it. The Second Circuit has held "that when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's

interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). In order to aid in that balancing, the Court enumerated a long and "non-exhaustive" list of factors for district courts to consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008). The plaintiff has not established that those factors, or any other factors, are sufficient to outweigh a general presumption of open and public proceedings. His argument that he should be permitted to proceed as John Doe is in large part a restatement of his allegations, emphasizing that the material of the accusations against him is personal and embarrassing, and an assertion that he fears retaliatory harm if his identity is disclosed. Student disciplinary proceedings in general and allegations of sexual misconduct in particular are surely sensitive and personal, but the plaintiff has not established that the particular allegations giving rise to this litigation—allegations of inappropriate text messages and non-consensual kissing that he denies—are so sensitive that they

justify permitting him to prosecute his case against his University without disclosing his identity. This is not a case of a plaintiff who must admit to sensitive or embarrassing conduct, or to a demeaning private harm, in order to pursue his claims; on the contrary, the plaintiff claims he was wrongfully accused and publicly harmed. He ostensibly seeks to *vindicate* his name, which he claims the defendant besmirched, and the nature of the allegations alone is not sufficient cause to conceal it. Nor does his relatively bare assertion that he fears retaliation rise above what very many civil litigants might genuinely feel. And because the interested parties to the original controversy are presumably known to each other, it is not clear how concealing his name from the public will avoid whatever risk of retaliation he believes he runs by proceeding with the case.

In light of those facts, and considering all of the factors enumerated by the Second Circuit quoted above, I conclude that the plaintiff has not established that his interest in anonymity outweighs the public interest in disclosure. His motion to proceed anonymously is therefore denied. He shall file an amended and properly captioned complaint within thirty days of this order.

So ordered.

Dated at Bridgeport, Connecticut, this 20th day of August 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge