UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br>  Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY, YALE UNIVERSITY BOARD OF TRUSTEES, WENDY TSUNG, K. GEERT ROUWENHORST, JACOB THOMAS, SHERILYN SCULLY, JAMES CHOI, AND ANJANI JAIN,<br>  Defendants. | CASE NO. 3:25-cv-00159-SFR<br><br><br><br><br><br><br><br>MARCH 3, 2025 |

## EXPEDITED MOTION TO COMPEL

On an expedited basis, by March 7, 2025, Defendants respectfully move to compel, for copying and inspection, the production of the electronic device(s) (including all laptops and mobile phones) Plaintiff used for coursework for his Sourcing and Managing Funds and Investor courses, including the device(s) he used while taking his final examinations in those courses. As discussed below, there is ample good cause for this motion. The computing devices are at the heart of Plaintiff's Complaint and Motion for a TRO and injunctive relief. The computing devices will illuminate on whether or not Plaintiff cheated by utilizing AI during the final examinations.

"A preliminary injunction is an extraordinary <u>equitable</u> remedy." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024) (emphasis added) (internal quotation marks omitted). A movement must show, among other things, "that the balance of the equities tips in his favor." *Id.*

Whether Plaintiff in fact cheated is highly relevant to the Court's consideration of the extraordinary <u>equitable</u> relief Plaintiff seeks. Plaintiff seeks immediate reinstatement, to "prohibit[] Defendants from issuing Plaintiff a grade of F and marking his transcript and academic

record with such grade," and to potentially displace a student who did not engage in academic misconduct from being Class Marshal/Valedictorian (*See* ECF 16 at 1.) The F grade Plaintiff seeks to vacate was imposed because of a conclusion that he improperly used AI on his final examination in Sourcing and Managing Funds. Plaintiff argues that the unprecedented relief he seeks is warranted to, among other things, protect his reputation, thereby placing at issue the question of whether Plaintiff's reputation is worth protecting through the extraordinary relief he seeks. (*See, e.g.*, ECF 18 at 32.) In other words, Plaintiff has placed the question of whether he cheated squarely at issue by seeking a preliminary injunction. Defendants are entitled to develop facts that bear on the equities of Plaintiff's request because it would be highly inequitable for the Court to grant Plaintiff the exceptional relief he seeks if Plaintiff in fact cheated or if, for example, Plaintiff engaged in other inequitable conduct such as failing to preserve evidence. *E.g.*, *Starbucks Corp.*, 602 U.S. at 345.

Regardless, Plaintiff has also placed the question of whether he cheated at issue through his claims. In *Doe v. Wesleyan Univ.*, No. 3:19-CV-01519 (JBA), 2022 WL 2656787, at *1 (D. Conn. July 8, 2022), a student expelled for cheating on examinations by accessing her phone filed suit. The gravamen of her claim was that she was denied "a fair process." *Id.* at *6. Even though the plaintiff's claims focused on the process at issue, "the Court ordered [the] [p]laintiff to produce a mirror image of her devices." *Id.* at *4. In fact, the Court sanctioned the plaintiff for destroying evidence on the devices she purportedly used to cheat. *E.g.*, *id.* at *16.

Here, Plaintiff's Complaint alleges that the imposition of an F was a "wrongful result." (Cmplt. ¶ 138.) He alleges that the cheating allegations against him were false. (Cmplt. ¶ 216 ("[H]e had to defend himself against false allegations of cheating.").) Thus, while Plaintiff may focus on the process by which he was disciplined, he has also explicitly raised questions about whether he cheated. Indeed, Plaintiff's Complaint seeks equitable relief. (*See* Cmplt. Prayer For

Relief.) Defendants are entitled to defend against Plaintiff's claims on the basis that his hands are unclean. They are entitled to challenge Plaintiff's damages claims by, for example, seeking after-acquired evidence that Plaintiff did in fact cheat to show that Plaintiff has no damages. *See, e.g.,Alexiadis v. New York Coll. of Health Pros.*, 891 F. Supp. 2d 418, 433 (E.D.N.Y. 2012) (holding that after acquired evidence of misconduct by student dismissed from college for other misconduct could not be resolved at summary judgment stage and thus presented triable issue).

Plaintiff's devices will contain evidence relevant to this case and Plaintiff's Motion.

First, Plaintiff used "Pages," an Apple program, to prepare the documents he submitted for his final examinations. It is Defendants' understanding that Pages preserves a time-stamped history of edits on the original hard drive of the device on which it is used. This information is apparently not in Pages documents sent via email, etc. because it is on the hard drive, not in the actual document. Plaintiff's computer will therefore contain key information.

Second, Plaintiff's computer will contain Internet search history showing what websites Plaintiff visited during the time periods of his examinations. *See Wesleyan*, 2022 WL 2656787, at *4 (discussing Internet search history for dates of examinations). If Plaintiff visited ChatGPT, etc., the Court should know that when it considers Plaintiff's extraordinary request. Plaintiff's mobile phone will also contain web search history showing whether he visited ChatGPT and, if so, when.

Of course, Plaintiff's devices could show that Plaintiff deleted the relevant information, but that information is still highly relevant since the Court must balance the equities and weigh the public interest. *Wesleyan*, 2022 WL 2656787, at *16.

Defendants therefore respectfully request that the Court Order Plaintiff to produce the electronic device(s) (including all laptops and mobile phones) Plaintiff used for coursework for his Sourcing and Managing Funds and Investor courses, including the device(s) he used while

3

taking his final examinations in those courses. Defendants seeks production by March 7, 2025 and to create a mirror image of Plaintiff's device(s). *See Wesleyan*, 2022 WL 2656787, at *4 ("[T]he Court ordered [the] [p]laintiff to produce a mirror image of her devices."). This request includes Plaintiff's laptop(s) and mobile phone(s) as well as any other devices he used in conjunction with the Sourcing and Managing Funds and Investor courses. As *Wesleyan*, 2022 WL 2656787, at *4 establishes, students often use their mobile phones to access improper materials even though they may complete an assignment, etc. on a laptop.

Counsel for Defendants met and conferred with counsel for Plaintiff regarding this request on March 3, 2025 but were unable to resolve their dispute about this request. A declaration regarding the latter meet and confer is attached as **Exhibit A**.

        THE DEFENDANTS,
        YALE UNIVERSITY, YALE
        UNIVERSITY BOARD OF TRUSTEES,
        WENDY TSUNG, K. GEERT
        ROUWENHORST, JACOB
        THOMAS, SHERILYN SCULLY,
        JAMES CHOI, AND ANJANI JAIN

By: */s/ Brendan N. Gooley*
    James M. Sconzo (ct04571)
    Brendan N. Gooley (ct30584)
    Amanda M. Brahm (ct30581)
    CARLTON FIELDS, P.C.
    One State Street, Suite 1800
    Hartford, CT 06103-3102
    Telephone: (860) 392-5000
    Facsimile: (860) 392-5058
    E-mail:  jsconzo@carltonfields.com
                bgooley@carltonfields.com
                abrahm@carltonfields.com

Its Attorneys

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on this 3rd day of March, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                             */s/ Brendan N. Gooley*
                                             Brendan N. Gooley