IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br><br>                              *Plaintiff,*<br>v.<br><br>YALE UNIVERSITY, YALE UNIVERSITY BOARD OF TRUSTEES, WENDY TSUNG in her individual and official capacity, K. GEERT ROUWENHORST in his individual and official capacity, JACOB THOMAS in his individual and official capacity, SHERILYN SCULLY in her individual and official capacity, JAMES CHOI in his individual and official capacity, and ANJANI JAIN in his individual and official capacity,<br>                              *Defendants.* | Civil Action No. 3:25-cv-00159 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM,
<u>IN RESPONSE TO DEFENDANTS' OBJECTIONS</u>**

**NESENOFF & MILTENBERG, LLP**
*Attorneys for Plaintiff*
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500

**TABLE OF CONTENTS**

I.     SOM Administration's Argument That Plaintiff Identified Himself In His Complaint Fails. ................................................................................................................................... 1

II.    SOM Administration's Attempt To Further Defame Plaintiff Fails To Support Their Position That The Public Has An Interest In Plaintiff Being Identified. .................................. 3

III.   SOM Administration's Argument That They Will Be Prejudiced By Pseudonym. ......... 4

IV.    SOM Administration Cites Cases Outside Of Second Circuit That Are Distinguishable From The Case At Bar. ................................................................................................... 5

    A.  Doe v. The University of Akron ............................................................................... 7

    B.  Doe v. Trinity College .............................................................................................. 8

    C.  Doe v. Virginia Polytechnic Institute and State University ........................................... 8

    D.  Candidate No. 452207 .............................................................................................. 9

CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Candidate No. 452207 v. CFA Inst.*,
  42 F. Supp. 3d (E.D. Va. 2012) ................................................................................................ 10

*Doe v. Massachusetts Inst. of Tech.*,
  46 F.4th 61 (1st Cir. 2022) ......................................................................................................... 7

*Doe v. The University of Akron,*
  No. 5:15-CV-2309, 2016 WL 4520512 (N.D. Ohio Feb. 3, 2016) ............................................ 8

*Doe v. Trinity College,*
  No. FSTCV175016597S, 2017 WL 7053895 (Conn. Super. Ct. Dec. 26, 2017) ...................... 9

*Doe v. Trustees of Bos. Univ.*,
  No. CV 24-10619-FDS, 2024 WL 4700161 (D. Mass. Nov. 6, 2024) ....................................... 3

*Doe v. Univ. of Montana*,
  2012 WL 2416481 (D. Mont. 2012) .......................................................................................... 7

*Doe v. Univ. of S. Florida Bd. of Trustees*,
  2015 WL 3453753 (M.D. Fla. 2015) ......................................................................................... 7

*Doe v. Virginia Polytechnic Inst. & State Univ.*,
  No. 7:18-CV-00016, 2018 WL 1594805 (W.D. Va. Apr. 2, 2018) ............................................ 9

*Javier H. v. Garcia-Botello*,
  211 F.R.D. (W.D.N.Y. 2002) ..................................................................................................... 7

*Plaintiff v. Cuomo*,
  2013 WL 1213174 (N.D.N.Y. Feb. 25, 2013) ........................................................................... 6

*Roe v. Aware Woman Ctr. for Choice, Inc.*,
  253 F.3d (11th Cir. 2001) ........................................................................................................... 7

*Smith v. Edwards,*
  175 F.3d 99, 99 n. 1 (2d Cir. 1999) ............................................................................................ 6

Plaintiff John Doe (hereinafter referred to as "Plaintiff" or "John Doe"), by his attorneys Nesenoff & Miltenberg, LLP, submits this Memorandum of Law to the Court in Reply to the SOM Administration's Objections to Plaintiff's Motion to Proceed Under a Pseudonym (ECF 13), and in further support to Plaintiff's Motion (ECF 2-3) (Defendants referred to herein as "SOM Administration").

**I.     SOM Administration's Argument That Plaintiff Identified Himself In His Complaint Fails.**

The SOM Administration argues that Plaintiff should not be permitted to proceed under a pseudonym because he has identified himself in his Complaint (ECF 1), which "allows anyone to easily identify" him. (SOM Administration's Memorandum of Law ("Def. MOL") p. 3). As support for this position, the SOM Administration refer to their Exhibit A, which is a February 7, 2025 email that they purport to be from "a member of the public" who "easily identified Plaintiff within four days of Plaintiff commencing this action". (Def. MOL p. 4, Exhibit ("Ex.") A). That letter, however, was neither received by Plaintiff, nor has the SOM Administration identified who the sender was. In addition, based on the bizarre content of that email,[1] and the convenience of its appearance in response to Plaintiff's pseudonym Motion, it appears more likely that it was created by someone related to one of the SOM Administration Defendants, rather than a member of the public. Without identifying the sender, the SOM Administration can't argue that the email was actually created and sent by a member of the public who "easily" identified Plaintiff from his Complaint "within four days", thus their entire argument is unsupported and fails.

Although it is accurate that Plaintiff has some details about his background in the Complaint in order to defend his rights against the SOM Administration, such as his country of

---

[1] It is interesting to note that even the unhinged alleged third-party member of the public with no connection to this case believes that Plaintiff's suspension was pretextual, and that Plaintiff is likely to succeed on the merits.

1

origin and where he went to school, those details do not necessarily easily identify Plaintiff, and are not contained in the caption of the case, or in a search of the case. (Def. MOL p. 3). To the contrary of the SOM Administration's contention that "there can be only one student at the University who has the background that Plaintiff details about himself in his Complaint", is wholly unsupported by any evidence. (*Id*.). The SOM Administration possess the data that could support their arguments, but fail to provide the Court with any affidavit or data, most likely because such data does not support their reckless conclusions.

Moreover, that argument misses the point of the pseudonym in this case. Regardless whether an investigator could do extensive research and somehow determine who the Plaintiff is in this action, the pseudonym still protects the Plaintiff from having his name in the caption of the case, and used throughout the documents and filings, which protects him from being easily identified in a search by the public, a business connection, or a bank. Those individuals and entities are not going to do a search for all complaints, in every court, and look at where the contents of the complaints in all the courts to see where a plaintiff went to school, and then try to figure out if one of them happens to be the Plaintiff. To the contrary, they will do a search for Plaintiff's name in the title of the case, and if that name is a pseudonym, Plaintiff will be protected.

To illustrate this point, the court in *Doe v. Trustees of Bos. Univ.*, No. CV 24-10619-FDS, 2024 WL 4700161, at *6 (D. Mass. Nov. 6, 2024), stated: "If Doe's actual name were to be used in this case, a simple Internet search or background check would connect him with this dispute and these allegations immediately. But to connect him to these allegations without his name being used, one would need to already suspect that he was involved, seek out the record of this lawsuit, and then look to the personal details disclosed and connect the dots." *Doe v. Trustees of Bos. Univ.*, No. CV 24-10619-FDS, 2024 WL 4700161, at *6 (D. Mass. Nov. 6, 2024).

In addition, in the event that the email in Exhibit A is authentic and from an unrelated third-party member of the public, then it appears that the instant case incites hate mail, providing even further support for why the Plaintiff needs the protection of a pseudonym. Exhibit A also shows that the SOM Administration will not hesitate to attempt to smear Plaintiff's name if it is public in this case, even when it doesn't support their legal arguments, highlighting that the potential for reputational damage and harm to Plaintiff's present business endeavors in this case is certainly not hypothetical.

## II. SOM Administration's Attempt To Further Defame Plaintiff Fails To Support Their Position That The Public Has An Interest In Plaintiff Being Identified.

The SOM Administration makes an attempt to further defame Plaintiff by attaching and referencing documents regarding prior legal matters he was involved in through his business, which identify him by name. (Def. MOL p. 22-23, Ex. E, F).[2] They purport to include this information to support their argument that the public has an interest in Plaintiff's identity being disclosed.

First, the SOM Administration misrepresents the nature of Plaintiff's claims in support of their argument. They allege that Plaintiff brings a claim for discrimination based on Plaintiff's "ethnicity", which appears in their Memorandum five (5) times, (Def. MOL p. 1, 17, 20, 21, 22), and is not even a claim in Plaintiff's Complaint. (ECF 1).[3] Moreover, they claim that this non-

---

[2] The allegations in Exhibits E and F are wholly false. The claim in Exhibit E, made over a decade ago on Facebook, pertains to checks that reimbursed Plaintiff for business expenses he covered on behalf of a non-profit organization. This routine financial matter was later mischaracterized in the context of an internal election. The lawsuit referenced in Exhibit F involved a business transaction and was filed but never served. Plaintiff only became aware of its existence in November 2024 when it surfaced during a loan underwriting review.

[3] Plaintiff's claims actually allege that the SOM Administration targeted his examination because he was a non-native English speaker and writer, and that they used AI detection tools that unfairly target non-native English writers, in violation of their own policies.

existent claim of "ethnic" discrimination is "salacious"[4] (Def. MOL p. 1-2) and "scandalous"[5] (Def. MOL p. 17) because the Complaint names some of the individuals who engaged in targeted harm towards Plaintiff. (See Def. MOL p. 1, 2, 17, 20-23). However, there are no allegations anywhere in the Complaint of a sexual or scandalous nature. (*See* ECF 1). Plaintiff is merely pursuing his legal rights to challenge the wrongful acts against him by the SOM Administration. Thus, those arguments should be wholly disregarded.

The only thing the documents in Exhibits E and F show the Court is that Plaintiff is not afraid to be involved in litigation pertaining to his business, which is a reality in Plaintiff's industry. Indeed, Plaintiff has litigated disputes in court for his business in the past, and won. It's evident that those documents do not support the SOM Administration's position as to the instant Motion, and are only included in order to harass and intimidate Plaintiff.

### III. SOM Administration's Argument That They Will Be Prejudiced By Pseudonym.

The SOM Administration again refers to claims of "ethnic discrimination" that do not exist in this case, while alleging that Plaintiff and his attorneys will, *in the future*, "exaggerate and stretch and omit facts" if Plaintiff is anonymous. (Def. MOL p. 21). This baseless assertion is offensive to Plaintiff and his counsel, and does not provide the SOM Administration with support for their argument that Plaintiff should not proceed under a pseudonym. (Def. MOL p. 20-21). They also make the argument that they will be in a disadvantaged position in settlement discussions, but Plaintiff's counsel has already made attempts to resolve this matter with the SOM Administration outside of court, prior to naming Yale and the other Defendants publicly in a Complaint, yet the SOM Administration was uncooperative, knowing that their names would be publicly known in

---

[4] "Salacious" is defined as "arousing or appealing to sexual desire or imagination". Merriam Webster Dictionary, https://www.merriam-webster.com/dictionary/salacious (last visited March 7, 2025).
[5] "Scandalous" is defined as "libelous, defamatory", "shocking", or "offensive to propriety or morality". Merriam Webster Dictionary, https://www.merriam-webster.com/dictionary/scandalous (last visited March 7, 2025).

the litigation. (Def. MOL p. 20). It is the Plaintiff, not the SOM Administration, who is prejudiced here by having his name made public in this case regarding the false disciplinary allegations against him, and the due process violations he was subjected to. Moreover, by the logic of the SOM Administration, any motion in this case (or in any case), where Plaintiff prevails would cause them to be disadvantaged in settlement discussions, so every motion should therefore be ruled in their favor. This, of course, is nonsense.

It would certainly be unfair and unbalanced if the SOM Administration is permitted to abuse their contractual and other obligations towards Plaintiff, and then when brought before the Court to answer for those wrongful acts, the Court were to allow them to further harm the reputation of Plaintiff before a final determination is made in his favor on the merits. In addition, if Plaintiff were required to proceed in this case in his own name, it would make it *more* difficult for Plaintiff to settle, because he would have to undue the additional reputational harm that was caused by not being granted anonymity. The email in the SOM Administration's Exhibit A illustrates this point. This is precisely the type of harm that anonymity seeks to avoid.

### IV. SOM Administration Cites Cases Outside Of Second Circuit That Are Distinguishable From The Case At Bar.

The SOM Administration argues that "Courts generally do not grant anonymity in academic misconduct cases", citing to only four (4) cases that are distinguishable from the case at bar. (Def. MOL p. 9). First, regardless of whether a case is an appeal from a disciplinary proceeding, courts have granted leave to proceed anonymously if a plaintiff has special circumstances that warrant anonymity, such as here where the implications of the false allegations are highly sensitive and personal, and where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. *See Smith v. Edwards,* 175 F.3d 99, 99 n. 1 (2d Cir. 1999); *Plaintiff v. Cuomo*, 2013 WL 1213174, at *5 (N.D.N.Y. Feb. 25, 2013); *Roe v. Aware*

5

*Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001); *Javier H. v. Garcia-Botello*, 211 F.R.D. 194, 195 (W.D.N.Y. 2002).

Next, as referenced in our Memorandum, courts have granted motions for a pseudonym in cases involving a student disciplinary proceeding. *See*, *Doe v. Univ. of S. Florida Bd. of Trustees*, 2015 WL 3453753 (M.D. Fla. 2015) (Plaintiff allowed to proceed anonymously in case on suspension for violation of student code of conduct); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012), the Court stated, "With respect to the individual students involved in the Student Conduct Code proceeding ... the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names". The Court noted, "all that would be achieved by requiring Doe to proceed publicly at this stage would be the embarrassment of all parties involved. *Id.* at *2. Thus, there are instances where, within the discretion of the court, a determination has been made in favor of a pseudonym even where it was merely the reputation of the plaintiff at risk. Here, the Plaintiff has considerably more at risk than just his reputation, due to his business endeavors and the likelihood that this case would derail current business dealings.

In addition, the disclosure of Plaintiff's name in this court action would result in the same injury against Plaintiff which he is litigating against in the instant action. Moreover, where the underlying university disciplinary proceeding afforded Plaintiff "confidential treatment", there is a public interest in protecting those rights of confidentiality. *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61 at 70-72, 76 (1st Cir. 2022).

Finally, the four (4) cases cited by counsel for the SOM Administration for the proposition that courts flatly do not allow a pseudonym in an appeal to court of a disciplinary matter, are

distinguishable from the case at bar. In addition, these cases are District Court cases, and one Superior Court case, and not federal courts within the Second Circuit.

### A. Doe v. The University of Akron

The SOM Administration refer to *Doe v. The University of Akron,* No. 5:15-CV-2309, 2016 WL 4520512 (N.D. Ohio Feb. 3, 2016), claiming that the Northern District of Ohio "rejected" arguments of "stigma" and harm to the student's "reputation". (Def. MOL p. 9). That case, however, involved a law student's disciplinary matter, where the primary concern was the disclosure of medical information, which the court determined could be protected through a standard protective order, rendering a pseudonym unnecessary. *Id*. at 3-4. The general arguments of stigma and reputational harm were not given consideration by the court only because they were not supported by any factual evidence that have "any basis in reality". *Id*. at 4. The court even acknowledged that her decision may not have weight in other cases, since they should be considered on a case-by-case basis. *Id*.

Here, Plaintiff has presented more than generalized concerns over reputational harm. (ECF 2, Pltf. MOL). Plaintiff is currently a successful businessman, not just an undergraduate student with potential job prospect sometime in the future, when the case is long resolved. He has real world, present harms that he will endure if his name is used in this case, while it is litigated over the course of possibly years, and before he is fully exonerated. Moreover, SOM Administration's own opposition papers needlessly attach multiple documents that provide no support to their arguments, and appear to be included for the sole purpose of harassing, intimidating, and defaming Plaintiff. (Def. MOL, Ex. A). The Court need look no further for concrete evidence of how disclosing his name in this case will cause him harm.

### B. Doe v. Trinity College

The SOM Administration cite to *Doe v. Trinity College*, No. FSTCV175016597S, 2017 WL 7053895 (Conn. Super. Ct. Dec. 26, 2017*)*, which is an academic dishonesty case, but relies on Connecticut state law, not federal law, and the court acknowledged that the facts presented were a case of first impression under state law. (Def. MOL p. 9). Although in that instance, the court did deny the plaintiff a pseudonym, in the court's discretion, that case does not have precedential or even persuasive effect here.

### C. Doe v. Virginia Polytechnic Institute and State University

The SOM Administration cite to *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:18-CV-00016, 2018 WL 1594805 (W.D. Va. Apr. 2, 2018), which involves an undergraduate student disciplinary matter before the Western District of Virginia, and is also distinguishable from the case at bar. (Def. MOL p. 10). In that case, the student had concerns of "lasting stigma" if he were to lose, which could impact his ability to get into medical school. *Virginia Polytechnic Inst. & State Univ.* at 2. Here, however, the Plaintiff's concerns are not regarding what happens after a final determination is made in his case, since he is confident that he will prevail, rather, he is concerned about real world, concrete implications of having his name identified in this case *before* he is exonerated. For example, Plaintiff is presently a successful businessman in the United States, and in his line of work banks regularly do searches of court cases in deciding whether to underwrite a loan. If he is not granted a pseudonym, this case will certainly negatively impact his business while litigation is ongoing, which could take years. Thus, unlike the *Virginia Polytechnic Inst. & State Univ.* case, the pseudonym request pertains to more than just a general future stigma if Plaintiff were to lose this case.

### D. Candidate No. 452207

The SOM Administration also cite to *Candidate No. 452207 v. CFA Inst.,* 42 F. Supp. 3d 804 (E.D. Va. 2012), a disciplinary case not involving a university student, but regarding a licensing exam, and before the Eastern District of Virginia. They cite that case for the proposition that avoiding "embarrassment, criticism, and reputational harm" alone are not sufficient to warrant a pseudonym. That case is also distinguishable from the case at bar because the plaintiff simply wanted to avoid public scrutiny. Again, in the instant case, the impact to Plaintiff of proceeding in this case goes far beyond his mere concern over being embarrassed, and rises to the level of real world, immediate impacts to his business and other endeavors.

## CONCLUSION

For these reasons, those provided to the Court in Plaintiff's Memorandum of Law, and such other reasons as may appear just to the Court, Plaintiff requests that his Motion to Proceed Under Pseudonym be granted in its entirety.

**Dated: March 7, 2025**

Respectfully submitted,

**NESENOFF & MILTENBERG, LLP**

*/s/ Christine D. Brown*
**Christine D. Brown, Esq.**
Andrew T. Miltenberg, Esq.
(*pro hac vice* admission pending)
Stuart Bernstein, Esq.
(*pro hac vice* admission pending)
Kimberly S. Courtney, Esq.
(*pro hac vice* admission pending)
363 Seventh Avenue, 5th Floor
New York, New York 10001
212-736-4500 (telephone)
cbrown@nmllplaw.com
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
kcourtney@nmllplaw.com
***Attorneys for Plaintiffs***