# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br>Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY, YALE UNIVERSITY<br>BOARD OF TRUSTEES, WENDY TSUNG,<br>K. GEERT ROUWENHORST, JACOB<br>THOMAS, SHERILYN SCULLY, JAMES<br>CHOI, AND ANJANI JAIN,<br>Defendants. | CASE NO. 3:25-cv-00159-SFR<br><br><br><br>MARCH 7, 2025 |

**[PROPOSED] SUPPLEMENT**

Three developments relevant to Plaintiff's Motion have occurred since Defendants filed their Objection: (1) the *Yale Daily News* has essentially identified Plaintiff to his peers, (2) identifying information about Plaintiff has been posted by a widely followed business school website, and (3) Plaintiff identified himself by his actual first name in one of his filings.

First, on February 24, 2025, three days after Defendants filed their Objection (ECF 13) to Plaintiff's Motion (ECF 2), the *Yale Daily News* published the article about this case attached as **Exhibit 1**. The article further proves that the extraordinary remedy of anonymity is not warranted.

The article effectively identifies Plaintiff to his peers—the very people Plaintiff primarily sought through anonymity, to avoid disclosing his identity to. (*See* ECF 2-1 at ¶ 9.) The article refers to Plaintiff as "a French entrepreneur and investor living in Texas" who is a member of the EMBA Program's Class of 2025. (Exhibit 1 at 2.) It identifies the course Plaintiff was accused of misconduct in, the professor for that course, and when Plaintiff took the course. (Exhibit 1 at 3.) Given that there are only approximately 71 students in the EMBA's Class of 2025 (*see* Cmplt.

¶ 77), these and similar statements identify Plaintiff to the SOM community.

The article demonstrates the fundamental unfairness of allowing Plaintiff to anonymously make his serious allegations against individuals who must defend themselves publicly. The article repeats Plaintiff's allegations "that he was discriminated against by his professors, Honor Committee members, and Faculty Review Board members based on his national origin and 'non-native English speaker/write status'" (Exhibit 1 at 6–7 (quoting Cmplt.).) It identifies several of those individuals, including numerous Defendants, by name. (*E.g.*, Exhibit 1 at 3–4.) It is fundamentally unfair for Defendants to be accused of such misconduct in the newspaper that their professional community reads every day but for Plaintiff to remain anonymous.

Second, on February 25, 2025, *Poets & Quants*, a widely followed business school website, posted the article about this case attached as **Exhibit 2**. The article describes Plaintiff as follows:

> In the Yale lawsuit, the unnamed plaintiff is a French entrepreneur and investor who is living in Texas, **according to the Yale Daily News**. He has a BSE in Biomedical Engineering and BA in Political Science from Rice University. He enrolled in SOM's 22-month executive MBA program in July 2023 and was expecting to graduate this spring. The lawsuit claims the plaintiff "was on track to be the student Marshal/Valedictorian for his (EMBA) class."

Exhibit 2 (emphasis in original) (emphasis reflects a hyperlink to the *Yale Daily News* article).

The article notes that its authors made an inquiry to Yale about the allegations.

This article further demonstrates Plaintiff's voluntary identification of himself and the widespread dissemination of identifying information about him as a result. It also demonstrates the basic unfairness of allowing Plaintiff to remain anonymous while Yale and its School of Management are accused in media articles of serious misconduct by Plaintiff.

Third, on February 28, 2025, Plaintiff filed a Supplemental Affidavit with this Court (ECF 24). Plaintiff's Supplement included a highlighted version of the School's Bulletin (ECF 24-1.) Anyone who double clicks on a number of the highlighted sections will see Plaintiff's real first name because Plaintiff highlighted a number of the sections and his name therefore pops up when

2

the highlighted sections are double clicked. This is another example of Plaintiff being careless with his name. Plaintiff has now literally put his first name on the Court's docket for anyone to see. Plaintiff's Supplement has been posted to at least one third party website that reposts filings made on this Court's website such that Plaintiff's name remains publicly accessible in conjunction with this case even if the Court seals the Supplement.

The Court should deny Plaintiff's Motion. *See, e.g.*, *Doe v. Telemundo Network Grp. LLC*, No. 22 CIV. 7665 (JPC), 2023 WL 6259390, at *6–7 (S.D.N.Y. Sept. 26, 2023) (disclosure of plaintiff's named weighed "strongly" and "almost dispositively" against anonymity).

THE DEFENDANTS,
YALE UNIVERSITY, YALE UNIVERSITY BOARD OF TRUSTEES, WENDY TSUNG, K. GEERT ROUWENHORST, JACOB THOMAS, SHERILYN SCULLY, JAMES CHOI, AND ANJANI JAIN

By: */s/ Brendan N. Gooley*
James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
Amanda M. Brahm (ct30581)
CARLTON FIELDS, P.C.
One State Street, Suite 1800
Hartford, CT 06103-3102
Telephone:   (860) 392-5000
Facsimile:   (860) 392-5058
E-mail:   jsconzo@carltonfields.com
         bgooley@carltonfields.com
         abrahm@carltonfields.com

Their attorneys.