IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br><br>         *Plaintiff,*<br><br>v.<br><br>YALE UNIVERSITY, YALE UNIVERSITY BOARD OF TRUSTEES, WENDY TSUNG in her individual and official capacity, K. GEERT ROUWENHORST in his individual and official capacity, JACOB THOMAS in his individual and official capacity, SHERILYN SCULLY in her individual and official capacity, JAMES CHOI in his individual and official capacity, and ANJANI JAIN in his individual and official capacity,<br><br>         *Defendants.* | Civil Action No. 3:25-cv-00159<br><br>PLAINTIFF'S<br>MOTION TO SEAL<br>EXHIBIT A (ECF 24-1) |

**EMERGENCY MOTION TO SEAL &**
**FOR LEAVE TO STRIKE AND REPLACE EXHBIT A (ECF 24-1)**

  Plaintiff John Doe ("Plaintiff"), by his attorneys Nesenoff & Miltenberg, LLP, moves this Court hereby respectfully to seal, and for leave to strike and replace Exhibit A (ECF 24-1) to Plaintiff's Supplemental Declaration filed in support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF 24), filed on February 28, 2025.

  Plaintiff seeks emergency relief and demonstrates good cause in support thereof, pursuant to Rule 7(a)(6) of the Local Rules of Civil Procedure for the U.S. District Court for the District of Connecticut. At 1:07 pm today, our office e-mailed counsel of record for the Defendants advising them of this application and inquired as to their position on the motion. As of the time of the filing, our office has not received a response from counsel.

1. On February 28, 2025, Plaintiff filed Exhibit A (ECF 24-1) with the Court as an exhibit to Plaintiff's Supplemental Declaration that was filed in support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF 24).

2. Plaintiff has proceeded to use the pseudonym "John Doe" in all documents filed in this action.

3. On March 7, 2025, Defendants filed a Motion For Supplement (ECF 33), to seek leave of Court to file a supplement to their Objection to Plaintiff's pseudonym motion, which is currently pending before the Court (ECF 2).

4. Defendants indicated in the attachment to their Motion For Supplement (Exhibit A, ECF 33-1) that Plaintiff had left metadata in Exhibit A that identifies Plaintiff John Doe by name, stating: "Anyone who double clicks on a number of the highlighted sections will see Plaintiff's real first name because Plaintiff highlighted a number of the sections and his name therefore pops up when the highlighted sections are double clicked". Defendants sought to take advantage of this inadvertent error by asking the Court to deny Plaintiff's pseudonym motion, rather than giving counsel for Plaintiff the professional courtesy of informing them and an opportunity to correct the error.

5. Counsel for the Plaintiff attempted to replicate this action described by Defendants, and was unable to see John Doe's name pop up as described in that PDF document. After sending the document for further scrutiny using a special paid-for program called Adobe Pro, counsel's paralegal was able to determine that, after multiple additional specific steps, John Doe's name can be seen in the separate section of that program.

6. This metadata imbedded in Exhibit A (ECF 24-1) was not viewable to counsel for John Doe when Exhibit A was created and submitted for filing, and was intended to have been removed from that document.

7. The disclosure of Plaintiff's true identity would be harmful to him, especially in light of the pending Motion to Proceed Under Pseudonym, and he thus seeks to urgently have Exhibit A sealed, with leave to replace that document with an identical Exhibit A that does not contain such metadata, which is attached hereto as Exhibit A.

8. Plaintiff's counsel's office contacted the Court and spoke with the clerk, who advised counsel's paralegal to file a motion to seal and replace the document referenced above by the end of the day.

9. Accordingly, Plaintiff respectfully requests that Exhibit A (ECF 24-1) be sealed, stricken from the record, and replaced with the attached identical Exhibit A, which does not contain said metadata.

10. No party to this action will be prejudiced by the requested relief, because after granting said relief, counsel for all parties will still have access to the filed document.

11. This is Plaintiff's first request to seal the identified document.

12. Counsel for Plaintiff has informed counsel for Defendants prior to the filing of this Emergency Motion, and has served the instant motion upon them contemporaneously with its filing.

WHEREFORE, Plaintiff hereby respectfully requests the Court to seal Exhibit A (ECF 24-1), and moves for leave to strike and replace that document with the attached Exhibit A.

Dated: March 10, 2025  
       New York, New York

Respectfully submitted,

**NESENOFF & MILTENBERG, LLP**

*/s/ Christine D. Brown*  
**Christine D. Brown, Esq.**

3

        Andrew T. Miltenberg, Esq.
        (*pro hac vice* admission pending)
        Stuart Bernstein, Esq.
        (*pro hac vice* admission pending)
        Kimberly S. Courtney, Esq.
        (*pro hac vice* admission pending)
        363 Seventh Avenue, 5th Floor
        New York, New York 10001
        212-736-4500 (telephone)
        cbrown@nmllplaw.com
        amiltenberg@nmllplaw.com
        sbernstein@nmllplaw.com
        kcourtney@nmllplaw.com

        ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

      I hereby certify that on March 10, 2025, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause a notification to be sent to the following counsel of record:

Brendan N. Goolev
James M. Sconzo
Amanda M. Brahm
CARLTON FIELDS, P.C.
jsconzo@carltonfields.com
bgooley@carltonfields.com
abrahm@carltonfields.com

Dated:  March 10, 2025                       Respectfully submitted,
         New York, New York

                                              **NESENOFF & MILTENBERG, LLP**

                                              ***/s/ Christine D. Brown***
                                              **Christine D. Brown, Esq.**