# EXHIBIT DD

**Appeal to the Faculty Review Board**

John Doe

Yale School of Management

Deputy Dean Anjani Jain
And the Faculty Review Board

**November 15, 2024**

On November 8, 2024, the Yale School of Management Honor Committee made the following determination:

**"The committee determined that you have not been forthcoming to the Honor Committee."**

The Honor Committee then imposed the following penalty:

**"The committee has mandated that you be suspended from SOM for one year."**

 Yale SCHOOL OF MANAGEMENT

PO Box 208200
New Haven CT 06520-8200

*courier*
135 Prospect Street
New Haven CT 06511

*mba.yale.edu*

November 8, 2024

Dear John

This letter is a written record of the outcome of the Honor Committee meeting on Friday, November 8, 2024. The committee determined that you have not been forthcoming to the Honor Committee.

The committee has mandated that you be suspended from SOM for one year. During your suspension period you are prohibited from coming to the School of Management campus and participating in school sponsored activities or events.

You can appeal this disciplinary sanction to the Deputy Dean Anjani Jain and the Faculty Review Board according to the Procedures of the Honor Committee set forth in the School of Management's Bulletin.

Sincerely,

James Choi
Chair, Yale SOM Honor Committee
Professor of Finance

cc: Wendy Tsung
Assistant Dean of the Executive MBA

The Committee further determined that "There is no grade penalty outcome from the Honor Committee decision."

---

### RE: A follow up

---

**From** Tsung, Wendy <wendy.tsung@yale.edu>
**Date** Thu 11/14/2024 12:36 PM
**To** Doe, John <John.Doe@yale.edu>

Hi John,

I don't know when the faculty will be meeting this week but like I said, they do plan to meet and your grade should be updated next week.

Your appeal to the Faculty Review Board is for the severity of the one year suspension penalty and not the findings of the Honor Committee decision. There is no grade penalty outcome from the Honor Committee decision.

Best,
Wendy

**From:** Doe, John <John.Doe@yale.edu>
**Sent:** Thursday, November 14, 2024 10:47 AM
**To:** Tsung, Wendy <wendy.tsung@yale.edu>
**Subject:** Re: A follow up

Hi Wendy,

Thank you for the follow-up.

As I expressed in our meeting, I am very concerned that Professor Rouwenhorst will not be willing to give a grade reflective of my performance.

Can you please let me know when the SMF faculty meets and confirms what grade will be released ? I'll need to know if that is a point I need to address in the appeal and would prefer not assume Professor Rouwenhorst would retaliate by refusing to submit an accurate grade.

Thank you so much Wendy and talk soon,

JD


--
John Doe
| Linkedin | Twitter | Facebook

According to the SOM Bulletin, "[an] accused student can appeal the **severity** of the penalty, but not the **findings**, from the full committee to the Faculty Review Board":

> 4. The accused student can appeal the severity of the penalty, but not the findings, from the full committee to the Faculty Review Board, which consists of the cognizant academic dean of the relevant academic program and two faculty members who were not part of the full committee. The student must make the appeal in writing to the cognizant academic dean within five working days of the full committee's decision.

To be sure, I was forthcoming with the Honor Committee at all times. I have maintained a steadfast commitment to Yale's values of integrity, honesty, and fairness, and have answered every question posed to me in good faith.

However, since the Faculty Review Board cannot change the Honor Committee's findings, this appeal focuses solely on the severity of the penalty (one-year suspension) associated with the Committee's finding of "not being forthcoming."

In sum, the penalty that the Honor Committee imposed is historically unprecedented, overly severe as applied, would result in absurd and unjust results if applied universally, and would create dishonest incentives that undermine the integrity of the Yale SOM community.

1) **Until now, no student at SOM has ever been convicted solely of "not being forthcoming." Rather, this charge has always been an enhancement factor in sentencing, not a basis for punishment in and of itself.**

Per Assistant Dean Wendy Tsung, at Yale SOM, no student has ever been convicted of "not being forthcoming" in and of itself.

---

**RE: A follow up**

From Tsung, Wendy <wendy.tsung@yale.edu>
Date Tue 11/12/2024 9:59 AM
To   [Doe], [John] [John.Doe]@yale.edu>

Hi [John],

Wanted to close the loop on your outstanding questions.

The faculty for SMF plans to meet this week so your grade should be updated sometime next week.

There was one case in the last three years where not being forthcoming was mentioned. Of course, there could be other cases where not being forthcoming was a contributing factor to the outcome but there is no easy way to identify those cases.

2022-2023
- A student was given the sanction of "F" (fail) in the course and a one-year suspension for falsifying attendance records and for not being forthcoming with the Honor Committee. The student appealed the decision to the Faculty Review Board. The Faculty Review Board upheld the committee's decision.

Best,
Wendy

Page 3 of 6

According to Assistant Dean Tsung, "there was one case in the last three years where not being forthcoming was mentioned. Of course, there could be other cases where not being forthcoming was a **contributing factor** to the outcome but there is no easy way to identify those cases."

Thus, under historical precedent, a sole finding of "not being forthcoming" has **never** served as a basis for penalty—until now.

2) **The application of the penalty in this case is also unprecedented. Historically, "not being forthcoming" increased the baseline penalty from a one-week suspension to a one-year suspension. Here, however, "not being forthcoming" increased the penalty by *four whole* tiers.**

Under the SOM policies, the Honor Committee penalties follow five tiers:

a. Exoneration
b. Warning (verbal or written)
c. Probation
d. Mandatory F in course (for academic infractions)
e. Suspension of one or more terms + mandatory F in course
f. Expulsion, a permanent separation from Yale SOM

In all previous cases, a finding of "not being forthcoming" merely enhanced the penalty severity within a given penalty tier.

Specifically, in 2022-2023, a student was given the sanction of one-year suspension plus F in the course for the joint finding of "falsifying attendance records" and "not being forthcoming."

<u>2022-2023</u>
- A student was given the sanction of "F" (fail) in the course and a one-year suspension for falsifying attendance records and for not being forthcoming with the Honor Committee. The student appealed the decision to the Faculty Review Board. The Faculty Review Board upheld the committee's decision.

Under historical precedence, the baseline penalty for "falsifying attendance records" tracks the penalty for cheating on an assignment: F in the course and one-week suspension.

4. A student used AI on an assignment in violation of course policy. Sanction: F in the course and 1-week suspension
5. A student used AI on an assignment in violation of course policy. Sanction: F in the course and 1-week suspension
6. A student used AI on an assignment in violation of course policy. Sanction: F in the course and 1-week suspension
7. A student used AI on an assignment in violation of course policy. Sanction: F in the course and 1-week suspension
8. A student used AI on an assignment in violation of course policy. Sanction: F in the course and 1-week suspension

The "not being forthcoming" finding increased the duration of the suspension from one week to one year. Crucially, the "not being forthcoming" finding did not raise the penalty by a tier. Instead the "not being forthcoming" finding merely enhanced the penalty *within* the applicable tier.

Here, however, "not being forthcoming" resulted in an enhancement of *four whole* penalty tiers.

In this case, there was not a finding of guilt on the underlying charge, resulting in a baseline of penalty tier a, exoneration. Per the SOM policies, the penalty of one-year suspension imposed in this case is the equivalent of a four-tier enhancement, from penalty tier a to penalty tier e.

In all previous cases, a finding of "not being forthcoming" resulted in at most an enhancement *within a given penalty tier*—not an enhancement of four penalty tiers.

Therefore, under historical precedent, the Committee's penalty for "not being forthcoming" as applied in this case is grossly excessive.

> 3) **The penalty imposed here, if applied universally, would lead to an absurd result. If "not being forthcoming" raises a penalty by four levels, as it did in this case, then any offense at SOM would lead to expulsion.**

If the four-tier enhancement for "not being forthcoming" applied in this case were applied universally, an absurd, manifestly unjust result would follow.

That is, under the SOM's tiered penalty structure, applying a four-tier enhancement to any penalty from tier b. or higher would result in expulsion:

   a. Exoneration
   b. Warning (verbal or written)
   c. Probation
   d. Mandatory F in course (for academic infractions)
   e. Suspension of one or more terms + mandatory F in course
   f. Expulsion, a permanent separation from Yale SOM

If the Honor Committee's penalty in this case were allowed to stand, *any* non-exoneration finding would result in expulsion—including an offense that would otherwise result in warning.

This creates a patently unjust and absurd result.

> 4) **The Honor Committee's penalty in this case incentivizes students to falsely confess in order to receive a reduced penalty, thereby undermining the SOM's honor and integrity.**

If a finding of "not being forthcoming" in and of itself results in severe penalty, accused SOM students are faced with a Catch-22:

- If they confess, they avoid the "not being forthcoming" charge and receive the penalty appropriate to their underlying charge.
- If they maintain their innocence—even if they are not found guilty of the underlying charge—they will be found "not forthcoming" and receive an even harsher penalty.

This incentive structure effectively turns "not being forthcoming" into a weapon used to coerce false confessions. Pressuring students to confess even if they are innocent encourages students to be *dishonest*—in direct contravention of the letter and spirit of the Honor Code.

### Conclusion

The Honor Committee's penalty of a one-year suspension solely for "not being forthcoming" is historically unprecedented, excessive, leads to absurd and unjust results, and promotes students to be dishonest.

I respectfully urge the Faculty Review Board to adjust the penalty in this case to the level consistent with SOM's guidelines and historical practices – either **exoneration** or **warning**.

Sincerely,

John Doe