UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------  x
JOHN DOE,                                                     :
                                                             :
                              Plaintiff,                     :
                                                             :
              v.                                             :        3:25-cv-159 (SFR)
                                                             :
YALE UNIVERSITY, et al,                                      :
                                                             :
                              Defendants.                    :
------------------------------------------------------------  x
```

**Sarah F. Russell**, United States District Judge:

### RULING ON MOTION TO PROCEED UNDER FICTITIOUS NAME

John Doe is the pseudonym chosen by Plaintiff, a graduate student at the Yale School of Management. Doe sued Yale and several administrators and instructors at the School of Management after he was accused of academic misconduct and suspended from classes. Doe seeks an exception to the usual rule that litigants identify themselves in their filings. For the reasons that follow, I deny Doe's motion to proceed under pseudonym.

## I.    BACKGROUND

John Doe brought this action after he was suspended from graduate studies at the Yale School of Management ("SOM"). ECF No. 1, Compl. ¶¶ 30, 130-38. After completing his undergraduate degree at Rice University in 2012, Doe pursued a career as an entrepreneur and investor. *Id.* ¶¶ 27, 29. Doe enrolled in 2023 in SOM's Master of Business Administration for Executives (EMBA) program as a member of the class of 2025. *Id.* ¶ 30.

In the summer and fall of 2024, SOM convened disciplinary proceedings against Doe after an instructor accused Doe of using generative Artificial Intelligence (AI) during an examination. ECF No. 1, Compl. ¶¶ 64-138. After various proceedings, SOM found that Doe

engaged in academic misconduct; in response, SOM imposed a one-year suspension from campus and a mandatory "F" grade in the class. *Id.* ¶¶ 9, 125-35.

Doe asserts in his Complaint that SOM instructors and administrators scrutinized his exam because he is a non-native English speaker,[1] that administrators retaliated against him after he accused them of national origin discrimination, and that SOM disciplined him without regard to the procedural safeguards for students provided by SOM's Honor Code. *See generally* ECF No. 1, Compl. Doe sues Defendants for breach of contract, breach of the implied covenant of good faith and fair dealing, national origin discrimination in violation of Title VI, retaliation in violation of Title VI, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.* Doe seeks money damages as well as declaratory and injunctive relief removing the mandatory "F" grade from his transcript and permitting him to resume studies immediately at SOM. *Id.*

On the same day he filed his Complaint, Doe sought leave to proceed under pseudonym. ECF No. 2-3, Pl.'s Br. Defendants filed an objection to Doe proceeding under pseudonym on February 21, 2025. ECF No. 13, Resp. Doe replied in support of his motion to proceed under pseudonym on March 7, 2025. ECF No. 31, Reply.[2]

---

[1] Doe is a French national and a United States resident. ECF No. 1, Compl. ¶ 27.

[2] Although Defendants sought leave to file a sur-response—which then led Doe to seek leave to file a sur-reply—I denied leave to file supplemental briefs after concluding that the parties had failed to show good cause for additional briefing on this issue. *See* ECF No. 58, Order. Defendants sought leave to file a sur-response to alert the Court to media reports that recited Doe's biographical details contained in the Complaint as well as the fact that metadata within one of Doe's filings contained Doe's first name, which Defendants said compromised Doe's interest in anonymity. ECF No. 33-1, Defs.' Proposed Sur-Response. As I denied leave to file supplemental briefing after concluding that these arguments were substantially advanced in Defendants' original Response, I do not consider the arguments in Defendants' Proposed Sur-Response here.

Also pending before me is Doe's motion for emergency injunctive relief permitting him to resume classes immediately at SOM. ECF Nos. 16-18, TRO Mot.[3]

## II.    <u>LEGAL STANDARD</u>

Rule 10 of the Federal Rules of Civil Procedure instructs that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Indeed, this rule has "constitutional overtones," in that it gives effect to the First Amendment's guarantee of public access to courts, *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006), by informing the public "who is using their courts," *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). But this presumption that litigants must identify themselves is just that—a presumption. *United States v. Pilcher*, 950 F.3d 39, 42-43 (2d Cir. 2020). To overcome the presumption of disclosure, a plaintiff must demonstrate that their interest in anonymity outweighs the public interest in identifying the plaintiff. *Sealed Plaintiff*, 537 F.3d at 189.

When balancing the public interest in disclosure against a plaintiff's interest in anonymity, the Second Circuit has articulated ten, "non-exhaustive" factors for courts to consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification

---

[3] After Doe moved for emergency injunctive relief on February 25, 2025, I convened a status conference on February 27 and thereafter set a briefing and argument schedule. ECF No. 23. The Court is scheduled to hear oral argument on the motion on April 7, 2025. ECF No. 40.

presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 190 (internal quotation marks, citations, and alterations omitted). The Second Circuit has emphasized that courts need not adopt a "particular formulation" or address each specific factor listed above so long as they "balance[] the interests at stake." *Id.* at 191 n.4.

## III.   <u>DISCUSSION</u>

### A.   **Arguments of the Parties**

Doe asserts he is entitled to anonymity because of the "sensitive and personal nature of this litigation." ECF No. 2-3, Pl.'s Br. 6. In other words, Doe seeks anonymity because it would be humiliating for the public to know that he was accused—he says falsely—of academic misconduct. *Id*. Doe argues disclosure would cause emotional distress and damage his reputation, both among his peers at SOM and with future employers. *Id.* at 7-8. Furthermore, Doe maintains he is entitled to anonymity because disclosure would aggravate the very harms he seeks to redress with this lawsuit. *Id.* at 8. Finally, Doe contends that disclosure is warranted because there is a weak public interest in this litigation against a private university and Defendants will not be prejudiced by litigating against an anonymous plaintiff because Defendants already know Doe's identity. *Id*. at 9-10.

In response, Defendants argue that allegations of academic misconduct such as those raised here are not so sensitive as to justify anonymity. ECF No. 13, Resp. 12-13. They distinguish Doe from litigants who proceed anonymously because their lawsuits involve minors, sexual misconduct, or sensitive medical decisions. *Id.* at 13-14. Defendants say that Doe, a graduate student in his 30s, is far less susceptible to harm from disclosure than the plaintiffs in cases where courts have permitted anonymity. *Id.* at 20. Furthermore, Defendants contend that Doe is not entitled to anonymity because he has effectively disclosed his identity by providing extensive biographical details in the Complaint. *Id.* at 3-4. Defendants note that the Complaint lists so many of Doe's biographical details—including the name and year of graduation from high school; the name, major, and year of graduation from his undergraduate institution; and the timeline for when Doe joined a 75-student EMBA class at SOM—as to make his identity readily ascertainable through a simple internet search. *Id.* Indeed, Defendants say that at least one member of the public has already identified Doe from the details in the Complaint. ECF No. 13-1, Defs.' Ex. A.

Defendants contend there is a strong public interest in Doe's lawsuit against a prominent university and that anonymity would hinder the public from scrutinizing the Court's handling of Doe's claims. ECF No. 13, Resp. 22-23. They maintain that anonymity is particularly unwarranted in suits against a private university, which has a heightened interest in avoiding reputational harm than if Doe had sued a state actor. *Id.* at 17-18. Defendants add that it is only fair that, as Doe has identified Defendants and accused them of misconduct, he should be prepared to identify himself as he seeks to vindicate his name. *Id.*

### B.    Analysis

The first factor—whether the litigation involves sensitive or personal matters—weighs in favor of disclosure. I take seriously Doe's contention that he would be humiliated if he were to disclose that he was accused of academic misconduct. But "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." *Doe v. Skyline Auto., Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019). Courts have often granted anonymity where a case involves "claims relating to sexual misconduct; highly personal medical decisions, such as abortion; or minors." *Doe v. Paychex, Inc.*, No. 3:17-cv-2031 (VAB), 2020 WL 219377, at *9 (D. Conn. Jan. 15, 2020) (citations omitted); *see also Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) ("Allegations of sexual assault are paradigmatic examples of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym.") (internal quotation marks, citations, and alterations omitted). That is not the case here.

The second, third, and fourth factors assess the harms that would flow from disclosure; these factors also weigh in favor of disclosure. Reputational harm is a risk common to parties in a majority of lawsuits and is not sufficient support for a request to proceed anonymously. *Doe v. Cornell Univ.*, No. 3:19-cv-1189 (MAD/ML), 2021 WL 6128738, at *5 (N.D.N.Y. Jan. 28, 2021). Indeed, courts routinely decline requests for anonymity "predicated on reputational harm and lost economic and professional opportunities." *Doe v. Gerken*, No. 3:21-cv-1525 (SALM), 2022 WL 167914, at *3 (D. Conn. Jan. 18, 2022). And although courts are at times receptive to protecting the reputation of young litigants from forever being associated with a particular set of accusations, graduate students and other adults are less likely to be afforded anonymity. *Compare Gerken*, 2022 WL 167914, at *3 ("plaintiffs are not particularly

vulnerable to the harms of disclosure based on their status as graduate students"); *with Doe #1 v. Syracuse Univ.*, No. 5:18-cv-496 (FJS/DEP), 2018 WL 7079489, at *6 (N.D.N.Y. Sept. 10, 2018) (allowing anonymity to protect college students from permanent association with what university had already publicly asserted was serious misconduct).

Courts are particularly skeptical of requests to proceed under pseudonym where, rather than admit to embarrassing conduct, a plaintiff "seeks to *vindicate* his name" in the face of what he characterizes as wrongful accusations. *Doe v. Wesleyan Univ.*, No. 3:14-cv-1735 (SRU), 2015 U.S. Dist. LEXIS 157685, at *3 (D. Conn. Nov. 23, 2015) (emphasis in original). Where courts do grant anonymity, they do so on a particularized showing that disclosure would harm a plaintiff more than the typical litigant. *See Doe v. Wesleyan Univ.*, No. 3:19-cv-1519 (JBA), 2020 WL 13564635, at *4 (D. Conn. Sept. 15, 2020) (permitting pseudonym where plaintiff provided "medical documentation that she is diagnosed with recurrent major depressive disorder and has already engaged in self-harm and battled suicidal ideations in response to [Defendant's alleged actions]") (alteration in original, internal quotation marks omitted); *Doe v. Univ. of Conn.*, No. 3:09-cv-1071 (JGM), 2013 WL 4504299, at *28 (D. Conn. Aug. 22, 2013) (allowing pseudonym because plaintiff's history of serious mental disorders—which qualified him for Social Security disability benefits—meant plaintiff was "particularly vulnerable to the possible harms of disclosure"); *Doe #1*, 2018 WL 7079489, at *5 (noting that disclosure would subject plaintiffs to retaliatory harm from members of the public).

Doe's strongest argument is that disclosure will aggravate the harm he seeks to redress here. Litigating in his own name will mean that more people will know that he was accused of academic misconduct at SOM. But that is a risk that all litigants must face in choosing to

vindicate their rights in this public forum. More critically, Doe has not shown that he is more vulnerable than the typical litigant: he is a graduate student who has advanced in his career, making him quite distinct from the plaintiffs entitled to anonymity because of their young age.[4] And although I do not doubt that these allegations have caused Doe considerable stress, he has not shown that he would suffer the degree of emotional distress required to warrant anonymity. Further, Doe has presented no evidence that he will face retaliatory harm from disclosure. Indeed, Doe acknowledges he has previously litigated several commercial disputes under his own name. ECF No. 31, Reply 4. He should then understand that "public disclosure is in general an inherent collateral consequence of litigation." *Doe v. Bausch & Lomb, Inc.*, No. 3:18-cv-352 (VLB), 2018 WL 2248418, at *3 (D. Conn. May 16, 2018).

Next, I assess factor seven, which considers whether a plaintiff's identity has already been revealed. Courts decline anonymity where media outlets have already identified a litigant in connection with a case. *Gerken*, 2022 WL 167914, at *3. But courts sometimes afford anonymity even where details in the filings make a plaintiff identifiable to a knowledgeable observer, reasoning that there remains a benefit to preventing a casual internet search from connecting a plaintiff with their lawsuit. *See Doe v. Trustees of Boston Univ.*, No. CV 24-10619 (FDS), 2024 WL 4700161, at *6 (D. Mass. Nov. 6, 2024); *but see Doe v. Zinsou,* No. 19 Civ. 7025 (ER), 2019 WL 3564582, at *6 (S.D.N.Y. Aug. 6, 2019) (finding that it was "at

---

[4] Indeed, Doe submits his aspirations to run for public office mean he has more to lose in terms of reputational harm than the typical litigant. ECF No. 2-3, Pl.'s Br. 4. That fact has little bearing on my assessment of whether he is more vulnerable than the typical litigant to the potential harms associated with public scrutiny of a litigant's background. If anything, those who volunteer to enter public life may be less susceptible to the harm of public disclosure than the typical litigant because they have willingly submitted themselves to public scrutiny.

best . . . a neutral fact" that plaintiff's identity was discernible from the filings but not revealed publicly).

I cannot conclude from the record before me that Doe's name has been publicly linked to this case. Although I appreciate the subtle point that Doe seeks to avoid casual acquaintances—not knowledgeable observers—from connecting him to this lawsuit, I note that his disclosure of extraneous biographical details in the Complaint makes it all the more likely that even casual acquaintances will eventually connect him to this case. But as his name is not yet widely associated with this lawsuit, I find that this factor weighs against disclosure.

Finally, I conclude that the remaining factors I must consider—public interest in disclosure, whether the suit challenges private parties or the government, the prejudice to defendants of litigating against an anonymous plaintiff, and the existence of alternative mechanisms to protect a plaintiff's interests—favor disclosure. Doe has brought a factually intensive challenge to how Defendants conducted disciplinary proceedings; this is precisely the type of fact-sensitive inquiry where there is a strong public interest in disclosure. *Doe v. Weinstein*, 484 F. Supp. 3d 90, 97-98 (S.D.N.Y. 2020) (noting that "open proceedings . . . benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication"). Disclosure advances fact-finding because it alerts third parties who possess knowledge of contested facts to "step forward with valuable information." *Del Rio*, 241 F.R.D. at 159.

Furthermore, Defendants are instructors and administrators at a private university. *Weinstein*, 484 F. Supp. 3d at 96 ("Courts are less inclined to grant a motion to proceed under a pseudonym when the suit involves only private parties."). Doe identifies and accuses each of these individuals of misconduct. When a litigant publicly accuses a private actor of

9

misconduct, "[f]airness requires that []he be prepared to stand behind [his] charges publicly." *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996); *see also Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015) ("A witness who proceeds under her own name and is subject to potentially rigorous cross-examination may feel more inhibited than a pseudonymous witness from fabricating or embellishing an account."), *aff'd*, 672 Fed. App'x 48 (2d Cir. 2016). Nor is Doe without options for protecting his privacy moving forward. Doe may protect sensitive documents disclosing information over which he has a compelling expectation of privacy by moving to seal exhibits or other submissions.

Having balanced Doe's interest in anonymity against the public interest in disclosure, I conclude that anonymity is not appropriate here.

## IV.    **CONCLUSION**

For the foregoing reasons, Doe's Motion to Proceed Under Fictitious Name, ECF No. 2, is denied. On or before Friday, April 4, 2025, Doe shall file an amended complaint with his given name.

**SO ORDERED.**

Bridgeport, Connecticut
March 31, 2025

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge