IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THIERRY RIGNOL,<br><br>          *Plaintiff,*<br>v.<br><br>YALE UNIVERSITY, YALE UNIVERSITY BOARD OF TRUSTEES, WENDY TSUNG in her individual and official capacity, K. GEERT ROUWENHORST in his individual and official capacity, JACOB THOMAS in his individual and official capacity, SHERILYN SCULLY in her individual and official capacity, JAMES CHOI in his individual and official capacity, and ANJANI JAIN in his individual and official capacity,<br>          *Defendants.* | Civil Action No. 3:25-CV-00159-SFR<br><br>**PARTIES JOINT 26(F) REPORT** |

Date Complaint Filed: February 3, 2025 (Court Ordered Amended Complaint as to Plaintiff's Name) Filed: April 9, 2025

Date Complaint Served: Service Waivers filed on May 15, 2025

Date of Defendants' Appearance: Each defendant appeared on February 21, 2025

  Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on May 14, 2025. The participants were:

Stuart Bernstein, Esq. and Kimberly Courtney, Esq., Nesenoff & Miltenberg, LLP, for Plaintiff Thierry Rignol

Brendan N. Gooley, Esq., Carlton Fields, for all Defendants

**I.   Certification**

  Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded

2

a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

This Court has federal and supplemental jurisdiction pursuant to 28 U.S.C. § 1331, 1332 and 1367 because: (i) the case arises under the laws of the United States; (ii) this case asserts civil rights claims; (iii) their exists diversity of citizenship between the parties and the amount in controversary exceeds $75,000.00; and (iii) the state law claims are so closely related to the federal law claims as to form part of the same case and controversy under Article III of the United States Constitution.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. Brief Description of Case

### A. Plaintiff's Claims

1. Plaintiff's description of his claims is as follows: Plaintiff began the Yale EMBA program in July 2023. Plaintiff developed close relationships with his professors and classmates and cherished being in the program. On September 8, 2024, Plaintiff received official notification letter from Dean Tsung advising him that he was facing "the allegation is [Plaintiff] improperly utilized AI on the final exam in the course [Sourcing and Managing Funds (MGT423E)]". On November 8, 2024, between approximately 12:30pm and 1:45pm, the Honor Committee heard Plaintiff's matter. At approximately 8:28pm, on November 8, 2024, the same day as the hearing, Plaintiff received a letter from Chairman Choi informing him that the Committee had found him liable for "not being forthcoming," stating: "The committee

determined that you have not been forthcoming to the Honor Committee." On November 14, 2024, Plaintiff received correspondence from Dean Tsung reaffirming, "There is no grade penalty outcome from the Honor Committee decision." On November 15, 2024, Plaintiff appealed the severity of the findings of the Honor Committee to the Faculty Review Board ("FRB"). Because the FRB can only review the severity of the one-year suspension penalty, Plaintiff's appeal was limited in scope to the severity of the punishment. On November 19, 2024, Plaintiff received a letter from Dean Jain informing him that the FRB denied his appeal and that the one-year suspension from Yale's EMBA program remained in effect. Following Dean Jain's directive, the Honor Committee met a second time on November 21, 2024. This time, the Committee met in secret, without notice to Plaintiff, or providing Plaintiff with the opportunity to attend, in violation of Yale policy. The November 21 decision letter states: "The committee determined that you *violated the rules of the Sourcing and Managing Funds final exam*." (emphasis added). The committee exonerated you on the charge of violating the rules of the Investor final exam." Despite claiming to have made a finding that Plaintiff "violated the rules" on his Sourcing and Managing Funds final exam, there was no finding by the Committee that Plaintiff improperly used AI on the Sourcing and Managing Funds final exam, which was the only allegation for which Plaintiff was charged in accordance with the Yale policies. Without such a finding, it was not possible for the Committee to find that Plaintiff "violated" the rules of that course. On December 11, 2024, Plaintiff received a denial of his appeal of the second Honor Committee decision in a letter from Dean Jain, stating only that "after careful consideration" the FRB decided to "deny the appeal". Plaintiff's grade of "F" in his Sourcing and Managing Funds course would remain in effect. As a result of this wrongful result, Plaintiff will no longer be at the top of his class, an honor which he had rightfully earned. Furthermore,

Plaintiff has been advised by Dean Tsung he will be required to pay increased tuition, at the 2026 rate, he will have missed out on a year of earning potential based on his delayed graduation date as well as reputational harm. Plaintiff has asserted claims against the Defendants for 1) breach of contract; 2) Discrimination based on national origin in violation of Title VI of the Civil Rights Act of 1964; 3) intentional infliction of emotional distress; and 4) negligent infliction of emotional distress. Plaintiff seeks injunctive relief, economic damages and punitive damages.

### B. Defendants' Anticipated Defenses and Claims

Defendants maintain that Plaintiff fails to state a claim upon which relief can be granted for the reasons set forth in their Motion to Dismiss (ECF 91). Defendants continue to evaluate their defenses, but at this time they anticipate that their defenses will include, but not necessarily be limited to, defenses based on principles of educational deference and non-interference with the University's decisions, the fact that Plaintiff engaged in misconduct and was not forthcoming during the University's efforts to address that misconduct, after-acquired evidence of additional misconduct and/or additional evidence of previously known misconduct, that the University engaged in the actions it did for legitimate, non-discriminatory, and non-retaliatory reasons that Plaintiff cannot establish were pretextual. Defendants also intend to contest Plaintiff's damages claims, including but not limited to Plaintiff's claimed economic damages and claimed reputation harm. Defendants have only just begun to evaluate their defenses and reserve the right to raise defenses not listed here.

### IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there

are any material facts that are not in dispute. The following material facts are undisputed.

1. Thierry Rignol began the Yale EMBA program in or around July 2023.

2. Thierry Rignol's last appeal to Yale was denied on December 11, 2024.

1. Prior to his suspension Thierry was scheduled to graduate from Yale's EMBA program in May 2025.

**V.    Case Management Plan**:

    **A.    Initial Disclosures**

Initial disclosures will be served by June 18, 2025[1].

    **B. Scheduling Conference**

1. The parties do not request a scheduling conference.

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

    **C. Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

---

[1] Defendants' counsel has advised Plaintiff's counsel that they intend to file a motion to stay discovery pending a decision on their motion to dismiss. Plaintiff intends to object to any motion to stay discovery which may be filed by Defendants. The Case Management Plan below is being submitted subject to Defendants' request for a stay (*i.e.*, Defendants believe the case should be stayed but have conferred with Plaintiff regarding the dates below in case the Court denies their Motion for a Stay). Defendants agreement to the dates proposed below are based on their analysis of Plaintiff's operative Amended Complaint. Defendants may seek modifications to these deadlines if Plaintiff amends his Amended Complaint (*see* ECF 92).

3. The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to Conn. L. Civ. R. 16.

### D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Pursuant to the Court's Order (ECF 92), Plaintiff should be allowed until June 5, 2025, twenty-one (21) days, from the date of Defendants' motion to dismiss. Motions filed after June 5, 2025, will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

### E. Discovery

1. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case" :

**Plaintiff's Position**:

> APlaintiff anticipates that Defendants will have the majority of the information necessary to prosecute and defend this action. Relevant information for purposes of document discovery includes documents and communications created during the entire time period in which Plaintiff attended Yale's EMBA's program. Electronic

discovery will be a vital component of discovery, as communications between Defendants employees, Board members, administrators about the hearings, administrative policies and practices, other students and professors will be relevant to Plaintiff's claims. Defendants will also have educational records and reports that are housed in a database. The parties will also need to confer and agree on the parameters of any relevant records concerning students other than Plaintiff necessitating the entry of a protective order that is tailored to the needs of this case. Plaintiff will not seek duplicative information from the individual defendants that can be obtained from the institutional defendants.

    b.    Plaintiff anticipates that discovery will be needed on the following subjects:

    **A.**    Breach of Contract: information related to Yale's EMBA's policy and procedures regarding academic integrity allegations; Plaintiff's discipline as compared to other students disciplined for the same allegations; prior adjudication and sanctions solely for the charge of "not be forthcoming", employee training in issues concerning diversity, equity and inclusion.

    **B.**    Board of Trustees: communications concerning Yale's EMBA's policies and practices, hiring decisions,

    **C.**    Plaintiff's records, including the creation of the Winter 2024 progress report.

Plaintiff reserves the right to seek discovery on categories not outlined herein and based upon any additional facts discovered. Plaintiff further reserves the right to make appropriate objections to any discovery requests propounded by Defendants.

**Defendants' Position (if different):**

Defendants' position is that discovery should be stayed pending resolution of their Motion to Dismiss because the Motion to Dismiss should fully resolve this case or, at absolute minimum, significantly narrow what is at issue and thereby streamline discovery. At this time, and although Defendants have only just begun evaluating what discovery they will need, Defendants anticipate that, putting aside their Motion to Dismiss, Defendants will need discovery regarding:

- Plaintiff's electronic devices, including one or more device that is purportedly in the custody of Plaintiff's employer and/or his company in Mexico.

- Plaintiff's finances and businesses in light of Plaintiff's claims of economic damage.

- Plaintiff's reputation in light of Plaintiff's claims regarding reputation damages, including other allegations of misconduct against Plaintiff.

- Plaintiff's potential engagement in other academic or other misconduct in light of Defendants' anticipated after-acquired evidence defense.

8

- Plaintiff's claims, including his damages claims, generally.

    a.    All discovery, including the depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by June 19, 2025 and completed (not propounded) by March 31, 2026.

    b.    Discovery will be conducted in phases.

    c.    If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by: Fact Discovery November 30, 2025 and Expert Discovery by March 31, 2026

    d.    The plaintiff anticipates that the plaintiff(s) will require a total of 15 depositions of fact witnesses. Defendants do not consent to Plaintiff taking more than 10 depositions. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). The parties anticipate that the defendant(s) will require a total of 6 depositions of fact witnesses. Parties reserve the right to seek the Court's permission to for additional fact deposition. The opposing side reserves the right to oppose said application.

    e.    The parties may request permission to serve more than 25 interrogatories. The opposing side reserves the right to oppose said application.

    f.    Plaintiff intends to call expert witnesses at trial. Subject to the review of Plaintiff's expert disclosures, Defendants intend to call expert witnesses at trial.

    g.    Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by December 31, 2025. Depositions of any such experts will be completed by January 31, 2026.

    h.    Parties will designate all trial experts and provide opposing counsel with

9

reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by February 28, 2026**.** Depositions of such experts will be completed by March 31, 2026.

      i.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by December 31, 2025.

      j.      Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

      k.      The parties agree to discuss within 14 days of receipt of any requests for production of documents, and otherwise as necessary and appropriate, the retrieval and disclosure of electronically stored information ("ESI"), including, but not limited to, the form in which such ESI shall be produced, including the meta data fields to be exchanged where available and applicable, search terms, custodians, and/or other techniques to be used in connection with the retrieval and production of such ESI, the location and format of ESI.. Counsel have notified their respective clients of the need

to preserve relevant evidence, including but not limited to, ESI. The parties have agreed to produce ESI in accordance with Fed. R. Civ. P. 26 and 34 and applicable law.

        l.        Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties have agreed to the procedures set forth above.

        m.        Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties have agreed that a party can claw back a privileged document or communication that was inadvertently produced at any time prior to the close of fact discovery. However, each party acknowledges that any request to claw back privileged information should be made as soon as possible after a party discovers that said information has been produced.  As soon as a request to claw back privileged information is made, the opposing party will sequester and not further review the documents at issue pending final resolution of the clawback request (*i.e.*, either an agreement by the parties or, if necessary, Court adjudication).

        **F.**        **Other Scheduling Issues**:

The parties did not believe a schedule for addressing other issues are needed for this case.

        **G.**        **Summary Judgment Motions**:

Summary judgment motions, which must comply with Local Rule 56, will be

filed on or before May 4, 2026.

### H. Joint Trial Memorandum

If no dispositive motions are filed, the Joint Trial Memorandum shall be filed on May 4, 2026. If a dispositive motion is filed, the Joint Trial Memorandum shall be filed forty-five (45) days of the Court's ruling on any such motions.

## VI. TRIAL READINESS

If no dispositive motions are filed, the case will be ready for trial as of June 4, 2026. If dispositive motions are filed, the case will be ready for trial within forty-five days of the filing of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By: /s/ *Stuart Bernstein*　　　　　　　　　　Date: May 19, 2025
　　Stuart Bernstein, Esq.
　　Andrew Miltenberg, Esq.
　　Kimberly Courtney, Esq.
　　Nesenoff & Miltenberg, LLP
　　363 Seventh Ave., 5th Floor
　　New York, New York 10001
　　(212)736-4500

By:
　　Audrey A. Felsen, Esq.
　　Koffsky & Felsen, LLC
　　1261 Post Road, Suite

    202B  
    Fairfield, CT 06824  
    (203) 327-1500  
    Federal Bar No.: ct20891  
    audrey@koffskyfelsen.com  

Defendants

By:   /s/ *Brendan N. Gooley*                Date:   May 19, 2025  
    James N. Sconzo, Esq. (ct04571)  
    Brendan N. Gooley, Esq. (ct30584)  
    Amanda M. Brahm, Esq. (ct30581)  
    Carlton Fields. P.C.  
    One State Street, Suite 1800  
    Hartford, CT 06103  
    (860) 392-5000  
    jsconzo@carltonfields.com  
    bgooley@carltonfields.com  
    abrahm@carltonfields.com