UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THIERRY RIGNOL,<br>    Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY, YALE UNIVERSITY BOARD OF TRUSTEES, WENDY TSUNG, K. GEERT ROUWENHORST, JACOB THOMAS, SHERILYN SCULLY, JAMES CHOI, AND ANJANI JAIN,<br>    Defendants. | CASE NO. 3:25-cv-00159-SFR<br><br><br><br><br><br><br><br>SEPTEMBER 17, 2025 |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants respectfully submit this Memorandum of Law in support of their Motion to Stay all discovery in this matter pending the Court's ruling on their Motion to Dismiss (ECF 106). The Court should grant this Motion.

Good cause exists to grant this Motion because Plaintiff's claims are weak, and Defendants' Motion to Dismiss is likely to resolve this entire case and avoid the need for discovery. Even a partial grant of the Motion to Dismiss will significantly narrow the scope of discovery. In accordance with Local Rule 37(a), a declaration regarding the Parties' discussion about Defendants' request was previously filed with Defendants' prior Motion to Stay (*see* ECF 93-2) and Defendants attach a declaration regarding the Parties' further discussion about this Motion.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

   A.  **Plaintiff's Second Amended Complaint And Defendants' Motion To Dismiss**

On May 15, 2025, Defendants moved to dismiss the Plaintiff's First Amended Complaint. (ECF 91.) In response to that Motion, the Court ordered that "Plaintiff may file an amended

complaint in which he pleads as many facts as possible, consistent with Rule 11, to address the alleged defects discussed in Defendants'" Motion to Dismiss. (ECF 92.) Plaintiff chose to file a Second Amended Complaint (ECF 102).

Plaintiff's Second Amended Complaint makes wide-ranging claims related to and beyond Plaintiff's disciplinary process. Plaintiff asserts ten claims: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) national origin discrimination under Title VI, (4) retaliation under Title VI, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) promissory estoppel, (8) violation of CUTPA, (9) defamation, and (10) false light invasion of privacy. (ECF 102.) Plaintiff also seeks equitable/injunctive relief. (ECF 102.)

The factual claims that Plaintiff makes vary widely. For example, Plaintiff's breach of contract claim alone takes issue with a litany of alleged acts related to Plaintiff's disciplinary process. (*See, e.g.*, ECF 102 ¶¶ 139–48 (making claims about everything from Defendants allegedly allowing individuals with purported "conflicts" to serve on the Committee to supposedly failing "to act promptly" and allegedly not giving Plaintiff materials).)

Plaintiff's four new claims seek to expand the scope of this case even further. For example, Plaintiff's defamation and false light claims appear to seek to hold Defendants liable for media publications about Plaintiff's original Complaint in this lawsuit. (ECF 102 ¶¶ 272, 286; ECF 106-10.) Plaintiff is attempting to inject into this case issues that have nothing to do with the underlying events and that instead concern the fallout from his lawsuit. (*E.g., id.*)

Defendants have filed a renewed Motion to Dismiss all of Plaintiff's claims. (ECF 106.) As Defendants' Memorandum of Law in Support of its Motion (ECF 106-1) and Reply (ECF 108) establish, Plaintiff's claims (including his new claims) fail for numerous reasons. Defendants will

not relist all of those reasons here and instead refer the Court to their Memorandum of Law in Support of their Motion to Dismiss (ECF 106-1) and Reply (ECF 108). Plaintiff has filed an Opposition (ECF 107) to Defendants' renewed Motion to Dismiss, Defendants have filed a Reply (ECF 108), and the Motion is fully briefed and ready for adjudication.

### B. Judge Farrish's Initial Discovery Ruling

Plaintiff's current allegations and Defendants' request for a stay must be considered in the context of relevant events that preceded Plaintiff's Second Amended Complaint.

When Plaintiff filed his Motion for a Temporary Restraining Order and Preliminary Injunction, Defendants sought discovery related to that Motion. (ECF 25.) Plaintiff refused to turn over even plainly relevant discovery, such as his laptop. Judge Farrish agreed that certain information, including discovery regarding the laptop Plaintiff used to create his final examination for his Sourcing and Managing Funds course, was discoverable in light of the equitable nature of Plaintiff's Motion. (*E.g.*, ECF 54.) Plaintiff's laptop remains discoverable because, *inter alia*, Plaintiff's operative Complaint seeks equitable, injunctive relief. (*See* ECF 102.) Plaintiff's laptop is purportedly in the possession of his employer/company in Mexico, however. As discussed below, the fact that a key piece of evidence is abroad will vastly complicate discovery in this case.

### C. Oral Argument On Plaintiff's Motion For A Preliminary Injunction

At oral argument on Plaintiff's Motion for a Preliminary Injunction on April 11, 2025, the Court made several important observations regarding Plaintiff's original claims.

First, this Court acknowledged that in order to prevail on his claims (or at least his State law claims) Plaintiff must establish that Defendants acted "arbitrarily, capriciously[,] or in bad faith" or that they "fail[ed] to fulfill [a] specific contractual promise distinct from any overall obligation to offer a reasonable program." (ECF 82 ("Oral Argument Transcript") 15:13–22

(referencing *Gupta v. New Britain Gen. Hosp.*, 239 Conn. 574, 687 A.2d 111 (1996)); 26:7–9 ("I have to find that it was arbitrary and capricious and supported by essentially no rational basis.").)

Second, this Court noted serious problems with Plaintiff's claims even putting aside the extremely high standard that governs them. For example, the Court said:

> I think the challenge of the contract claim is the fact that the contract or the Bulletin itself talks about deviations from the provisions being permissible. So it is not stated in a sort of be-all end-all mandatory no exception way. So I do think that's a challenge for your contract claim. . . .
>
> [T]he Bulletin which sets for[th] the process for Honor Code [procedures] says although deviations may be taken by the Chair when appropriate in a case, the following steps are customary. It is th[e] overall view that this is what we do in most cases but deviations may be taken. So it does present a challenge for you that I should enforce a contract claim and issue an injunction on that basis.

Oral Argument Transcript 34:5–21; *see also, e.g.*, Oral Argument Transcript 30:6–11 ("This is a contract claim and I have the contract in front of me and the contract says that deviations can be taken by the Chair where appropriate in the given case and the following steps are customary.").

As another example, the Court said the following about Plaintiff's claim that the Honor Committee ruled against Plaintiff on a new, unrelated charge he did not have notice of:

> I think you have an uphill battle here to show that there was somehow some totally unrelated charge that the [C]ommittee then considered in the face of a description by the [C]hair of what the [C]ommittee was deliberating on when it was sent back[.]

(Oral Argument Transcript 25:5–10.)

The Court also expressed doubt that Plaintiff could satisfy *Gupta*. For example:

- Regarding the continued deliberations that led to Plaintiff's "F", the Court said: "Wouldn't a logical response be, okay, I guess we'll have to make [a decision on the underlying charge because Plaintiff claims he can't be punished for not being forthcoming absent such a decision] if you are right on that, we can't have one without the other, I guess we'll have to make a charge determination." (Oral Argument Transcript 32:14–17.)

- Regarding Plaintiff's claim that he lacked notice of and an opportunity to defend himself regarding not being forthcoming, the Court said: "Didn't he have an opportunity at the hearing? Wasn't he on notice that that was a concern of the [C]ommittee?" (Oral

4

Argument Transcript 38:22–24.)  It also said: "So all of that [*i.e.*, the requests for the file] preceded along with the warning about not being forthcoming is a problem.  *I'm wondering how when he gets to the hearing, he's not on notice that there's a concern he hasn't been forthcoming*."  (Oral Argument Transcript 40:3–6 (emphasis added).)

- Regarding Plaintiff's claim that he couldn't be found responsible for not being forthcoming, the Court said:  "Wouldn't a reasonable professional person who was trying to be cooperative with a proceeding upon getting not just one email but many emails asking for the underlying document that was used to create a PDF say oh, I didn't use Word.  I used Pages, a different word processing [program]?  (Oral Argument Transcript 41:8–13.)

Third, this Court expressed skepticism that Plaintiff would be irreparably harmed absent a preliminary injunction.  For example, the Court noted that it had "no evidence in front of [it] that there's any specific [job] opportunity that would be lost from [a] delay" in Plaintiff graduating and that Plaintiff's arguments about employment "seem weaker" because Plaintiff is in "a part-time program" and "working simultaneously."  (Oral Argument Transcript 9:5–13; *see also, e.g.*, Oral Argument Transcript 7:6–9 (questioning why concerns about a gap in a résumé "apply with force here"); Oral Argument Transcript 8:4–5 ("[W]hat specifically about a delay in the graduation date is causing irreparable harm?"); Oral Argument Transcript 3:5–8.)

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c), "the court has the discretion to stay discovery for good cause, and good cause may be shown where a party has filed . . . a dispositive motion."  *Cuartero v. United States*, No. 3:05-CV-1161 (RNC) (DFM), 2006 WL 3190521, at *3 (D. Conn. Nov. 1, 2006) (alteration, citation, and internal quotation marks omitted) (staying discovery pending resolution of defendant's motion to dismiss); *see also ITT Corp. v. Travelers Cas. & Surety Co.*, No. 3:12CV38 (RNC) (DFM), 2012 WL 2944357, at *2–*4 (D. Conn. Jul. 18, 2012) (granting motion to stay discovery pending defendant's motion to dismiss "[u]pon consideration of the particular circumstances and posture of the case.").  The Court has "broad

5

discretion . . . to decide when a protective order" pursuant to Rule 26(c) "is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"In determining whether good cause exists for a stay of discovery, three factors are considered: (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Lithgow v. Edelmann*, 247 F.R.D. 61, 62 (D. Conn. 2007). "Rule 26 is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims. A request for a stay of discovery, pursuant to Rule 26(c), is committed to the sound discretion of the court based on a showing of good cause." *ITT Corp. v. Travelers Cas. & Surety Co.*, 2012 WL 2944357, at *2 (citations and internal quotation marks omitted). "A court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case, and should consider several factors, including the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay." *Id.* (alteration, citation, and internal quotation marks omitted). "A court should also consider the strength of the dispositive motion that is the basis of the discovery stay application." *Id.* (alteration and quotation marks omitted). "A stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law." *Id.* (alterations and internal quotation marks omitted).

### III. ARGUMENT

There is good cause in this case for a complete stay of discovery until the Court has ruled on Defendants' Motion to Dismiss and determined that there are any issues that are well-pled.

6

As this Court previously noted, Plaintiff's claims are subject to the demanding *Gupta* standard and there are serious problems with Plaintiff's claims in light of that standard and for many other reasons, including because the Bulletin allows deviations from the procedures therein. Defendants have filed a comprehensive Motion to Dismiss (ECF 106) detailing a litany of other fatal problems with Plaintiff's claims. (*See* ECF 106; *see also* ECF 108.) For example, and among many other defects, Defendants note that Plaintiff's new CUTPA claim is barred because CUTPA claims cannot be based on a school's disciplinary actions. (*See* ECF 106-1 at 32 (quoting *Doe v. Wesleyan Univ.*, No. 3:19-CV-01519 (JBA), 2021 WL 664010, at *14 (D. Conn. Feb. 19, 2021)).)

Discovery will be burdensome, costly, and time-consuming for both the Parties and the Court. The fact that a key piece of evidence that the Parties could not agree about is purportedly located in Mexico alone establishes that the Court will have to be closely involved in international discovery. Some of Plaintiff's new claims relate to this lawsuit rather than the facts that underlie it. That significantly increases the burden of discovery and likelihood that the Court will unfortunately need to become further involved in discovery disputes.

There will be no prejudice to Plaintiff from a stay of discovery, while the opposite is true if a stay is not granted. The Court noted that Plaintiff is not at risk of imminent, irreparable harm. Plaintiff elected to delay this case by attempting to replead in lieu of responding to the Defendants' Original Motion to Dismiss. Plaintiff cannot credibly claim to be harmed by any minimal delay associated with resolving the Defendants' fully briefed renewed Motion to Dismiss.

Defendants will be forced to divert resources from their educational and research missions to engage in the discovery process on allegations that are unlikely to survive a motion to dismiss. *See, e.g.*, *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (noting that "[c]ompliance with discovery in the posture of this case," which involved school

district, "would result in a substantial diversion of public resources which may not be ultimately necessary in this action."). Indeed, as further set forth below, even if only a portion of Defendants' Motion is granted, that decision will significantly reshape discovery.

### A. Defendants' Motion To Dismiss Is Strong

As noted above, courts evaluating requests to stay discovery during the pendency of a dispositive motion "should . . . consider the strength of the dispositive motion that is the basis of the discovery stay application." *Spencer Trask Software and Info. Sens.. LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay where motion to dismiss "appear[ed] to have *substantial arguments for dismissal* of many, if not all, of the claims asserted in this lawsuit" (emphasis added)); *accord Prosperity Partners, Inc. v. Bonilla*, 374 F. Supp. 2d 290, 293 (E.D.N.Y. 2005) ("[I]n view of the substantial issues raised by the defendant in support of the pending motion for dismissal, 'good cause,' as required under Rule 26(c), has been adequately established. All discovery is stayed pending the outcome of dispositive motions now before the Court."); *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). That makes good sense, because where a motion to dismiss ruling may significantly narrow the issues, it would be inefficient for all Parties for discovery to proceed in the meantime.

#### 1. Plaintiff's Claims Are Legally Deficient

Put simply, the law precludes Plaintiff from doing what he seeks to do in this lawsuit: Having a Court second-guess an educational institution's disciplinary decisions. *E.g.*, *Gupta*, 239 Conn. at 574. This Court noted as much, explaining that Plaintiff must prove that Defendants' actions were either arbitrary or violated a specific contractual promise. *Id.*; *see also, e.g.*, *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 648 (1999) (noting federal principle of educational deference similar to *Gupta*). This Court also noted that Plaintiff's claims

8

suffer from serious problems because they must satisfy *Gupta* and for other reasons. Plaintiff's breach of contract claim, for example, is based on a purported contract that says that Defendants could deviate from what was written in the putative contract. Plaintiff's claims also improperly ask this Court to second-guess Defendants for what were, at absolute minimum, rational decisions. These are only a few of many fatal defects in Plaintiff's claims. (*See* ECF 106-1; ECF 108.) For all these reasons and others spelled out in Defendants' Opposition to Plaintiff's Motion For A PI (ECF 41), Defendants' Motion to Dismiss (ECF 106-1), and Defendants' Reply (ECF 108), there are multiple "substantial grounds" on which Plaintiff's claims can and should be dismissed. *See, e.g.*, *ITT Corp. v. Travelers Cas. & Surety Co.*, 2012 WL 2944357, at *2 (granting stay).

### 2. Even A Partial Grant Will Significantly Affect Discovery

Even if Defendants' Motion to Dismiss is granted only in part, that ruling will have a substantial effect on the scope of permissible discovery in this case. *See, e.g.*, *Chesney*, 236 F.R.D. at 116 ("Even in the event that only some of the causes are dismissed—and some but not all of the defendants are dismissed from this action—by staying discovery now it will serve to substantially reduce the economic burden of full party discovery.") As previously discussed, Plaintiff's claims vary widely. What is discoverable pursuant to Plaintiff's breach of contract claim is not necessarily discoverable pursuant to Plaintiff's Title VI claims. Plaintiff's new defamation and false light claims seek to inject issues that have nothing to do with the underlying events and instead concern media coverage of Plaintiff's Complaint into this case. A ruling in Defendants' favor even on a single claim will have a significant impact on the scope of discovery in this case by removing entire categories of potentially relevant documents and witnesses. Regardless, Plaintiff's breach of contract claim is itself wide-ranging. Even if, despite Defendants' arguments, the Court only dismisses portions of that claim or others, the Court's ruling will substantially streamline discovery

by establishing that the factual issues are limited to discrete purported breaches, etc. The same is true for several of Plaintiff's other claims, which are similarly wide ranging. (ECF 102.) The Court's decision should streamline discovery. That fact further supports entering a stay.

### B. Discovery Will Be Costly, Time-Consuming, And Burdensome

As the Parties' disagreement about the narrow discovery sought in conjunction with Plaintiff's Motion for a PI establishes, discovery in this case will be costly, time-consuming, and burdensome for the Parties and the Court. Plaintiff would not even agree that his laptop was discoverable. It took a Court Order to attempt to obtain that plainly discoverable evidence. Then, Plaintiff indicated that the laptop is purportedly in Mexico and supposedly cannot be located. If discovery is necessary, it is going to require international discovery, including, potentially, letters rogatory. The Court will need to devote an enormous amount of time to that discovery. In light of Plaintiff's assertion that not even his laptop was relevant, it seems that the Court will inevitably become involved in a litany of discovery disputes. For example, Plaintiff seeks reputational damages. (*E.g.*, ECF 102.) As Defendants have noted, Plaintiff's reputation is clouded by prior allegations against him. (*E.g.*, ECF 15 & ECF 43-3.) Significant discovery regarding those issues and other issues related to Plaintiff's damages claims will be required if this case proceeds to discovery. And as previously discussed, Plaintiff's specific claims allege a number of wrongful acts and the Court's ruling on Defendants' Motion to Dismiss should at least narrow what is at issue. Judicial economy therefore favors a stay until the scope of permissible discovery is better defined by the Court's decision on Defendants' Motion to Dismiss. All of this will also detract from Defendants' educational mission, and should not be undertaken unless and until the Court determines there is a well-pled claim against Defendants in this case.

### C. Plaintiff Will Not Be Prejudiced By A Stay

Plaintiff cannot satisfy his burden of demonstrating prejudice. *E.g.*, *In re Term Commodities Cotton Futures Litig.*, No. 12 CIV. 5126 ALC KNF, 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) ("The plaintiffs failed to demonstrate that a short delay in discovery will impose any unfair prejudice on them."); *Johnson*, 205 F.R.D. at 434 (granting stay after explaining that "plaintiff ha[d] not demonstrated that he would be prejudiced by a stay.").

Plaintiff chose to delay this case in order to replead rather than respond to Defendants' Motion to Dismiss. (*See* ECF 102.) He cannot now claim prejudice from any minimal delay associated with the Court's decision on Defendants' Motion to Dismiss. Defendants' renewed Motion to Dismiss is fully briefed and ready for adjudication. Courts have found that a modest stay will not be prejudicial even where briefing is not yet complete. *E.g.*, *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) ("Finally, because the parties have stipulated to complete the briefing on the motion to dismiss by October 13, 2009 and because, as of August 28, 2009, no discovery requests had yet been served in this case [], the stay requested by Defendant will likely delay the commencement of discovery for only a few months, not the 'many months' claimed by Plaintiffs. The short stay requested by Defendant will therefore not prejudice the Plaintiff to any degree." (citations omitted)).

Defendants have moreover enacted litigation holds to preserve any potentially relevant documents. A short delay in commencing discovery will have no impact on what documents exist related to this matter or on what relevant witnesses remember about events discussed in the Complaint. *See, e.g.*, *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94CIV.2120(LMM)(AJP), 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996) (granting requested stay of discovery and explaining

that stays are particularly appropriate where they are for a short period of time and the opposing party will not be prejudiced by the stay). A stay, like the one requested by Defendants, "[does] not unfairly prejudice [the] plaintiffs, but rather [concerns, at the absolute most,] usual litigation risks that affect all the parties equally" and "any marginal impact on the evidence and/or memories of witnesses does not outweigh the substantial burden and expense of conducting time-consuming fact and expert discovery on all issues in this case pending a decision on a potentially dispositive motion." *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-CV-6362 SJF WDW, 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014); *e.g.*, *In re Term Commodities Cotton Futures Litig.*, No. 12 CIV. 5126 ALC KNF, 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) (granting stay after reaching similar conclusions and noting that loss of documents affects parties equally).

Indeed, this Court expressed great skepticism about Plaintiff's request for a PI, suggesting that Plaintiff would not be irreparably harmed by a delay. While the irreparable harm standard is admittedly somewhat different than the question of prejudice from a stay, the principles underlying this Court's skepticism regarding the need for immediate relief also support a stay. Plaintiff is an established professional suspended from a part-time Program that he has returned to. There simply is no need to rush in light of the Motion to Dismiss and every reason not to.

Defendants will be prejudiced from the broad and burdensome discovery requests that are expected but that are not warranted in light of the Motion to Dismiss. Defendants should not be compelled to begin their own discovery when such discovery should not be necessary. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013) ("But if we require defendants to engage in their own document discovery of plaintiffs, with the attendant need to review that discovery and make appropriate applications to compel, this would create a significant burden on defendants in the face of a seemingly strong motion to dismiss.").

## IV. CONCLUSION

This is the prototypical case for a stay of discovery. This Court has already noted the problems with Plaintiff's claims and Defendants have filed a comprehensive and compelling Motion to Dismiss, pointing to multiple defects in Plaintiff's claims. While Defendants believe the Motion to Dismiss should result in the dismissal of all of Plaintiff's claims, even a partial ruling in Defendants' favor will substantially narrow and streamline discovery, which will otherwise be time-consuming. The Court should thus stay discovery until it resolves the Motion to Dismiss.

THE DEFENDANTS,
YALE UNIVERSITY, YALE UNIVERSITY BOARD OF TRUSTEES, WENDY TSUNG, K. GEERT ROUWENHORST, JACOB THOMAS, SHERILYN SCULLY, JAMES CHOI, AND ANJANI JAIN

By: */s/ Brendan N. Gooley*
James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
CARLTON FIELDS, P.C.
One State Street, Suite 1800
Hartford, CT 06103-3102
Telephone: (860) 392-5000
Facsimile: (860) 392-5058
E-mail: jsconzo@carltonfields.com
bgooley@carltonfields.com

Their Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 17th day of September, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                        */s/ Brendan N. Gooley*
                                        Brendan N. Gooley