UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THIERRY RIGNOL, : | CASE NO. 3:25-cv-00159-SFR |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| YALE UNIVERSITY, YALE UNIVERSITY : | |
| BOARD OF TRUSTEES, WENDY TSUNG, : | |
| K. GEERT ROUWENHORST, JACOB : | |
| THOMAS, SHERILYN SCULLY, JAMES : | |
| CHOI, AND ANJANI JAIN, : | |
| Defendants. : | OCTOBER 22, 2025 |

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this Response to Plaintiff's Notice of Supplemental Authority (ECF 114) regarding *Jane Doe v. Indian Mountain School*, No. 3:24-CV-01402 (VAB), 2025 WL 2783579 (D. Conn. Sept. 30, 2025), and the applicability of *Gupta v. New Britain Gen. Hosp.*, 239 Conn. 574, 591, 687 A.2d 111 (1996).

*Gupta* applies to this case.

First, *Gupta* definitely applies to student discipline cases because *Gupta* quoted a discipline case as part of its reasoning. *Gupta*, 239 Conn. at 596 (quoting *Holert v. Univ. of Chi.*, 751 F. Supp. 1294 (N.D. Ill. 1990)); *see also Gupta*, 239 Conn. at 594 (citing *Lekutis v. Univ. of Osteopathic Med. and Health Scis.*, 524 N.W. 2d 410, 410–13 (Iowa 1994) (involving a dismissal that stemmed "from gross lack of interpersonal skills" that included "unwelcome amorous advances" on "female student doctors" by a student who was "exceptionally intelligent" and "near the top of his class"). The *Gupta* Court would not have cited a discipline case for the central holding of its educational deference doctrine if the Court did not expect the holding to apply to

student discipline cases. *Indian Mountain School* did not even address this critical factor. *Gupta*'s invocation of a disciplinary case in its seminal educational deference decision is binding authority that its educational deference doctrine applies to student disciplinary cases.

Second, any question on this issue is resolved by extensive persuasive authority establishing that *Gupta* applies to disciplinary decisions. *See* ECF 108 at 3 n.3. The former Chief Justice of the Connecticut Supreme Court, while a Superior Court Judge, called the distinction between "the disciplinary aspect of the educational process instead of the academic aspect of the process" a "distinction without a difference." *Jacobs v. Ethel Walker Sch. Inc.*, No. CV-02-0515279-S, 2003 WL 22390051, at *4 (Conn. Super. Ct. Sept. 30, 2003); *see also, e.g.*, *Packer v. Bd. of Educ. of Thomaston*, 246 Conn. 89, 126, 717 A.2d 117, 137 (1998) (Norcott, *J.*, concurring) ("It is a well established principle that courts should exercise caution in interfering with school discipline."). Case after case—including numerous decisions from coordinate Judges of this Court (and cases Plaintiff relies on)—have applied *Gupta* to disciplinary matters. *See, e.g.*, *Doe v. Wesleyan Univ.*, No. 3:19-CV-01519 (JBA), 2022 WL 2656787 at *6 (D. Conn. July 8, 2022); *Bass v. Miss Porter's School*, 738 F. Supp. 2d 307 (D. Conn. 2010) (stating in discipline case: "Under *Faigel* and *Gupta,* this imprecision is fatal to Plaintiff's implied-contract claim against Porter's."); *Stockstill v. Quinnipiac Univ.*, No. 3:10-cv-265 (VLB), 2010 WL 2011152 (D. Conn. May 19, 2010); *see also, e.g.*, *Demoulas v. Quinnipiac Univ.*, No. CV-155006283-S, 2015 WL 1427951, at * 3–*4 (Conn. Super. Ct. Mar. 5, 2015); *Lotto v. Hamden Bd. of Educ.*, No. CV-05-4010436, 2006 WL 618361, at *4 (Conn. Super. Ct. Feb. 21, 2006). *Indian Mountain School* did *not* say that *Gupta* did not apply to that case. It deferred a decision on the issue despite noting that "at least some of Plaintiff's claims, such as the intentional infliction of emotional distress and defamation

claims, are likely not viable, and quite likely to be dismissed at some point." *Indian Mountain School*, 2025 WL 2783579, at *8 n.3.

Third, *Gupta* applies to this case—an *academic* misconduct case—even if there was a theoretical dispute about whether *Gupta* applies to other types of discipline cases. A central holding of the Connecticut Supreme Court is that "courts should exercise caution in interfering with school discipline." *Packer*, 246 Conn. at 126. *Gupta*'s central policy is "deference to *academic* decisionmaking." *Gupta*, 239 Conn. at 594 (emphasis added). *Gupta*'s core holding governs: Whether a student has engaged in *academic* misconduct; how to appropriately process *academic* misconduct; and what constitutes an appropriate response to *academic* misconduct. The fact that Plaintiff challenges the response to *academic* misconduct distinguishes this case from *Indian Mountain School*, where the claims focused on facts other than classic academic misconduct.

*Gupta* applies to this case. *Indian Mountain School* does not hold otherwise, is distinguishable, and overlooked the authority the Connecticut Supreme Court relied on when it decided *Gupta*. Plaintiff must plead arbitrary conduct or a specific contractual breach (which he cannot do because the Bulletin allowed for deviations). This Court previously recognized as much. (*E.g.*, ECF 82 26:7–9 ("I have to find that [the School's alleged action] was arbitrary and capricious and supported by essentially no rational basis."); *see also, e.g.*, 32:14–17; 38:22–24.)

Finally, Plaintiff's claims fail for a litany of reasons independent of *Gupta* even if, despite the foregoing, *Gupta* did not apply to this case. (*See* ECF 106 & ECF 108; *see also, e.g.*, ECF 82 25:5–10 ("I think you have an uphill battle here to show that there was somehow some totally unrelated charge that the [C]ommittee then considered in the face of a description by the [C]hair of what the [C]ommittee was deliberating on when it was sent back[.]").)

3

The Court should still dismiss Plaintiff's claims with prejudice.

THE DEFENDANTS,
YALE UNIVERSITY, YALE
UNIVERSITY BOARD OF TRUSTEES,
WENDY TSUNG, K. GEERT
ROUWENHORST, JACOB
THOMAS, SHERILYN SCULLY,
JAMES CHOI, AND ANJANI JAIN

By: *<u>/s/ Brendan N. Gooley</u>*

James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
CARLTON FIELDS, P.C.
One State Street, Suite 1800
Hartford, CT 06103-3102
Telephone: (860) 392-5000
Facsimile: (860) 392-5058
E-mail: jsconzo@carltonfields.com
bgooley@carltonfields.com

Their Attorneys

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on this 22nd day of October, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                      */s/ Brendan N. Gooley*
                                      Brendan N. Gooley