UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THIERRY RIGNOL, | : | CASE NO. 3:25-cv-00159-SFR |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, YALE UNIVERSITY | : | |
| BOARD OF TRUSTEES, WENDY TSUNG, | : | |
| K. GEERT ROUWENHORST, JACOB | : | |
| THOMAS, SHERILYN SCULLY, JAMES | : | |
| CHOI, AND ANJANI JAIN, | : | |
|     Defendants. | : | OCTOBER 22, 2025 |

### DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STAY DISCOVERY

Defendants respectfully submit this Reply in further Support of their Motion to Stay (ECF 110) all discovery in this matter pending the Court's ruling on their Motion to Dismiss (ECF 106).

### I. PRELIMINARY STATEMENT

Plaintiff's Objection fails to appreciate the good cause standard for stays, ignores a number of Defendants' Motion to Dismiss arguments, and repeats the same baseless assertions that are refuted by Plaintiff's own well-pleaded allegations and relevant documents. There are many serious flaws with Plaintiff's claims. A stay is warranted, and is especially prudent since Defendants' Motion to Dismiss was fully briefed as of September 10, 2025, and any stay will presumably be relatively short and will save the Court and Parties substantial time and expense on discovery that can be avoided or significantly narrowed.

### II. DEFENDANTS HAVE MET THE GOOD CAUSE STANDARD THAT GOVERNS

Plaintiff incorrectly asserts that Defendants bear a "heavy burden" on its Motion to Stay and that a stay is an extraordinary remedy. The standard for a stay is actually low and undemanding, requiring only "good cause"—the same standard this Court uses for Motions for

Extension of Time, which are routinely granted. *See, e.g.*, D. Conn. Local Rule 7(b); Opposition 2. Courts have granted stays when the underlying dispositive motion "do[es] not appear to be without foundation in law." *See, e.g.*, *ITT Corp. v. Travelers Cas. & Sur. Co.*, 2012 WL 2944357 at *3–4 (D. Conn. July 18, 2012) ("A stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law."). Defendants have exceeded the standard for a stay of discovery in this case.

### III.     PLAINTIFF'S ARGUMENTS ABOUT *GUPTA* ARE MISPLACED

Plaintiff's arguments about *Gupta* are misplaced.

First, Plaintiff incorrectly argues that a stay is not warranted because he can overcome *Gupta*. But Plaintiff's focus on *Gupta* ignores that his claims fail for multiple additional reasons, as detailed in Defendants' Motion to Dismiss. (ECF 106.) For example, Plaintiff asserts a breach of contract claim based on a contract that allows for deviations. (Bulletin at 67.) The Court should dismiss the contract claim without a need to refer to *Gupta*. This Court previously foreshadowed as much. (*E.g.*, ECF 82 30:6–11 ("This is a contract claim and I have the contract in front of me and the contract says that deviations can be taken by the Chair where appropriate in the given case and the following steps are customary."); 34:5–21 ("I think the challenge of the contract claim is the fact that the contract or the Bulletin itself talks about deviations from the provisions being permissible. . . .").)

Second, Plaintiff's argument that *Gupta* does not apply to disciplinary decisions is incorrect. Defendants refer the Court to their Response to Plaintiff's Notice of Supplemental Authority ("Response") for a full discussion of this issue. In short and as detailed in Defendants' Response:

- *Gupta* cited a disciplinary decision to support its central holding that in discipline cases, plaintiffs must establish arbitrary conduct. The Connecticut Supreme Court would not have cited a discipline case if it had not expected *Gupta* to apply to cases of discipline.

- A litany of persuasive authority—including multiple decisions from coordinate Judges of this Court as well as a decision from the former Chief Justice of the Connecticut Supreme Court (while a Superior Court Judge)—have held that *Gupta* applies to discipline decisions.

- Cases that Plaintiff cites, such as *Bass ex rel. Bass v. Miss Porter's Sch.*, 738 F. Supp. 2d 307, 326 (D. Conn. 2010), applied *Gupta* to disciplinary cases.

- Even if *Gupta* may not apply to certain discipline cases, it must apply to *academic* misconduct cases because the Connecticut Supreme Cour requires deference on all *academic* matters.

*Gupta* applies to this case and requires dismissal of Plaintiff's claims. Plaintiff has not pled facts that plausibly allow him to survive *Gupta*'s incredibly high standard. Nothing Plaintiff alleges comes close to being without a discernible rational basis. Plaintiff's allegations and the documents integral to his complaint establish that the University (1) suspected he cheated and then was not forthcoming about that misconduct, (2) informed Plaintiff of its concerns, including its concern about his lack of candor, and (3) gave Plaintiff an opportunity to defend himself (and remedy his decision not to be forthcoming) before disciplining Plaintiff. Nothing comes close to satisfying the high standard for arbitrary conduct (without any discernable basis). *See, e.g.*, ECF 82 32:14–17 ("Wouldn't a logical response [to Plaintiff's arguments] be, okay, I guess we'll have to make [a decision on the underlying charge because Plaintiff claims he can't be punished for not being forthcoming absent such a decision] if you are right on that, we can't have one without the other, I guess we'll have to make a charge determination."). Nor did the disciplinary process lack "fundamental fairness." In arguing to the contrary, Plaintiff continues to rely on conclusory claims such as his assertion that the University "fabricated" charges that are not well-pled and are refuted by his own allegations and the record.

## IV.     PLAINTIFF'S CLAIMS FAIL FOR A LITANY OF OTHER REASONS

Plaintiff's hyper-focus on *Gupta* is a distraction. Plaintiff's claims fail for many other reasons. A stay is therefore warranted even if *Gupta* is not applied at this stage of the process.

Contrary to Plaintiff's contention, the fatal defects are not fact-dependent. Discovery is not needed on them. Plaintiff's primary claim is for breach of contract. The Court has the alleged contract. It is black-letter law that the Court can consider the contract now and Plaintiff does not contend otherwise. As this Court previously noted, the contract allows for deviations, thereby rendering Plaintiff's breach of contract claim baseless. (*E.g.*, ECF 82 34:5–21 ("I think the challenge of the contract claim is the fact that the contract or the Bulletin itself talks about deviations from the provisions being permissible."); ECF 82 30:6–11.) Plaintiff has admitted that he was not entitled to the documents he claims were withheld because he admits only documents sent to "each and every" Committee member should have been produced under the customary process, which is subject to deviation, and he does not allege the documents at issue were sent to "each and every" Committee member. (*E.g.*, ECF 107 at 9; ECF 108 at 2.) And the Court has the documents Plaintiff claims were withheld, which provide additional evidence of AI use or do not "exculpate" Plaintiff to the extent that a few of them suggest Plaintiff did not use AI on *certain* questions. (*See* ECF 106-1 at 8; ECF 106-6; ECF 108 at 2.) These are Rule 12(b)(6) issues.

Other examples include, but are not limited to, the fact that "the cases where [CUTPA] claims [against educational institutions] are viable are limited to the financial aspects of a school's operations." *Doe v. Wesleyan Univ.*, No. 3:19-CV-01519 (JBA), 2022 WL 2656787 at *14 (D. Conn. July 8, 2022) Plaintiff's CUTPA claim thus fails as a matter of law. Plaintiff ignores this law instead of responding to it. Also, Plaintiff has not come close to pleading the extraordinary conduct required for intentional infliction of emotional distress. Nor has Plaintiff plausibly alleged

a claim based on national origin discrimination. It is not the law that a school violates Title VI every time it uses AI detection software. And Plaintiff has barely defended his claims against the Individual Defendants. Those claims are subject to dismissal and those Defendants seek a stay. (University's Memorandum of Law In Support of its Motion to Dismiss.)

## V. EVEN A PARTIAL RULING SUBSTANTIALLY STREAMLINES DISCOVERY

Plaintiff incorrectly argues that a partial ruling in Defendants' favor will not materially affect discovery. As Plaintiff does throughout his Opposition, he focuses on a small subset of his claims, ignoring a number of other claims that are subject to dismissal. Plaintiff's defamation claims, for example, concern media coverage of this case and other issues that are far afield from Plaintiff's disciplinary process. Plaintiff's discrimination claims by necessity focus on issues very different from the process claims in Plaintiff's breach of contract claims. Plaintiff's breach of contract claims are themselves so wide-ranging that even a partial ruling dismissing some of Plaintiff's theories will allow the Parties to focus on anything that may be left. And, again, Plaintiff has offered no real defense to claims against the Individual Defendants, who should be dismissed.

## VI. PLAINTIFF'S ARGUMENT ABOUT PREJUDICE IS BASELESS

This Court rejected the same conclusory arguments that Plaintiff makes regarding purported "immediate, concrete, and irreparable" harm (Opposition at 15) when it concluded that Plaintiff "has failed to make the threshold showing of irreparable harm" required for his requested preliminary injunction (ECF 89 at 1). Plaintiff's conclusory assertions of harm are even weaker now because Plaintiff admits he has "now returned to the [P]rogram." (Opposition at 2 n.1; ECF 89 at 20 (rejecting argument Plaintiff would be irreparably harmed by a break in his studies).)

Moreover, as this Court noted when it denied Plaintiff's Motion for a Preliminary Injunction, Plaintiff's "attorneys describe him as 'a successful businessman'" and Plaintiff has

5

"failed to identify a single concrete opportunity that he would forfeit absent preliminary injunctive relief." (ECF 89 at 21.) All that and more remains true: Plaintiff has not identified any specific or immediate alleged harm. He continues to make the same conclusory and generalized assertions that this Court previously held were inconsistent with his own allegations that he is a successful businessman and is thus not suffering harm due to his alleged grievances. (*See* ECF 89.)

The alleged prejudice Plaintiff claims is also disconnected from his claims. Plaintiff's primary claims assert procedural error. Even if Plaintiff could prove such error, which he cannot, that does not mean he did not cheat. The notion that a decision in Plaintiff's favor will undo alleged harm and that the Court should therefore rush to such a decision is therefore baseless.

Perhaps most importantly, Plaintiff does not even respond to the fact that he chose to delay this case for months by repleading instead of responding to Defendants' Original Motion to Dismiss. (*See* ECF 92 & 102.) Plaintiff's decision to delay this case when it suited him renders his argument about alleged prejudice meritless. Plaintiff cannot have it both ways. He cannot claim prejudice from delay when it suits him while delaying this case when it suits him.

## VII. THIS CASE INVOLVES FAR MORE THAN ROUTINE LITIGATION

Plaintiff's assertion that Defendants "face only the ordinary burdens of litigation" is belied by his own conduct. Plaintiff refused to agree that basic discovery related to Plaintiff's final examination was discoverable even though it obviously was, as Judge Farrish immediately found. (*See* ECF 54.) Plaintiff claims that the laptop he used to write his final examination, which contains information Judge Farrish ordered turned over, is in Mexico, purportedly beyond his control. This is far from an ordinary discovery case. Discovery in this case will require immediate and extensive Court involvement given Plaintiff's refusal to agree that obviously discoverable information is in fact discoverable. Given Plaintiff's position that he lacks control over his own

6

company, which apparently has his laptop, international discovery, which is an extremely complicated process necessitating Court involvement, will also seemingly be necessary.

## VIII. PLAINTIFF'S ARGUMENTS ARE BASED ON IMPLAUSIBLE ALLEGATIONS

Finally, and as previously discussed, Plaintiff's Opposition is baseless because it perpetuates the same fundamental problem that renders Plaintiff's claims subject to dismissal: Plaintiff has not asserted well-pleaded facts to plausibly support his claims and Plaintiff's own allegations and documents integral to the Complaint refute Plaintiff's conclusory claims. Plaintiff's arguments in his Opposition about why his claims should not be dismissed and a stay is supposedly not warranted are based on Plaintiff's conclusory claims, which are not plausible and are refuted by Plaintiff's allegations and integral documents. For example, this Court previously noted that Plaintiff had ample notice of the University's belief that he was not being forthcoming— the belief that led to Plaintiff's suspension. (ECF 82 40:3–6 ("I'm wondering how when he gets to the hearing, he's not on notice that there's a concern he hasn't been forthcoming.").)

## IX. CONCLUSION

This is a textbook case for a stay. The Court recognized serious problems with Plaintiff's claims during the Motion for a Preliminary Injunction proceedings. Defendants have presented a strong Motion to Dismiss. Plaintiff's Opposition fails to meaningfully dispute the problems the Court identified and additional fatal flaws. Plaintiff's positions on discovery all but guarantee significant Court involvement. And Plaintiff's argument regarding prejudice is belied by his own decision to delay this case to replead and is conclusory and inconsistent with his allegations, as this Court recognized when it denied his Motion for a Preliminary Injunction.

The Court should grant Defendants' Motion and stay discovery in this case.

                    THE DEFENDANTS,
                    YALE UNIVERSITY, YALE UNIVERSITY BOARD OF TRUSTEES, WENDY TSUNG, K. GEERT ROUWENHORST, JACOB THOMAS, SHERILYN SCULLY, JAMES CHOI, AND ANJANI JAIN

By: */s/ Brendan N. Gooley*
    James M. Sconzo (ct04571)
    Brendan N. Gooley (ct30584)
    CARLTON FIELDS, P.C.
    One State Street, Suite 1800
    Hartford, CT  06103-3102
    Telephone:(860) 392-5000
    Facsimile: (860) 392-5058
    E-mail:    jsconzo@carltonfields.com
                    bgooley@carltonfields.com

    Their Attorneys

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this 22nd day of October, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                      */s/ Brendan N. Gooley*
                                                      Brendan N. Gooley