IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THIERRY RIGNOL,<br><br>        *Plaintiff,*<br><br>    v.<br><br>YALE UNIVERSITY, YALE UNIVERSITY BOARD OF TRUSTEES, WENDY TSUNG in her individual and official capacity, K. GEERT ROUWENHORST in his individual and official capacity, JACOB THOMAS in his individual and official capacity, SHERILYN SCULLY in her individual and official capacity, JAMES CHOI in his individual and official capacity, and ANJANI JAIN in his individual and official capacity,<br>        *Defendants.* | Civil Action No. 3:25-CV-00159-SFR |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' UNAUTHORIZED
<u>"RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY"</u>**

**NESENOFF & MILTENBERG, LLP**
*Attorneys for Plaintiff Thierry Rignol*
Stuart Bernstein, Esq.
Andrew T. Miltenberg, Esq.
Kimberly S. Courtney, Esq.

363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
sbernstein@nmllplaw.com
amiltenberg@nmllplaw.com
kcourtney@nmllplaw.com

Plaintiff Thierry Rignol respectfully moves to strike Defendants' "Response to Notice of Supplemental Authority" (ECF No. 115), because it is an unauthorized sur-reply filed in violation of District of Connecticut Local Rule 7(d) and Judge Russell's Chambers pre-trial preferences prohibiting additional briefing without leave of Court.

I.      **Procedural Background**

On October 8, 2025, Plaintiff filed a Notice of Supplemental Authority (ECF No. 114), in conformity with Judge Russell's pre-trial preferences, to apprise the Court of the District of Connecticut's recent decision in *Jane Doe v. Indian Mountain School*, No. 3:24-cv-01402, which directly addresses the issues presently before the Court.

On October 22, 2025, Defendants filed a five-page "Response to Notice of Supplemental Authority" (ECF No. 115). That filing reads like a legal brief and constitutes a sur-reply to Defendants' Motion to Dismiss, because it contains extensive legal argument, citations, and requests that the Court adopt Defendants' interpretation of facts and law.

II.     **The Filing Violates Local Rule 7(d) and Judge Russell's Pre-Trial Preferences**

Under D. Conn. L. Civ. R. 7(d), "No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause." Defendants did not request nor obtain permission to file a sur-reply to their Motion to Dismiss. Judge Russell's pre-trial preferences likewise state: "Judge Russell does not allow letter briefs or sur-reply briefs. In lieu of filing a letter brief, a party should file a formal motion. If a lawyer wants to call the Court's attention to new authority, the lawyer should file a notice of supplemental authority on the docket."

Defendants did not seek or obtain leave before filing ECF 115. Their submission therefore exceeds the permitted scope of briefing and contravenes both the Local Rules and the Court's individual practices.

### III.    The Proper Remedy

Courts in this District routinely strike or disregard responses to notices of supplemental authority filed without leave. See, e.g., *Wanamaker v. Town of Westport Bd. of Educ.,* No. 3:11CV1791 MPS WIG, 2013 WL 3766592, at *1 (D. Conn. July 16, 2013) (supplemental reply in further support of motion stricken for failure to first obtain leave of court); *Ravarino v. Voya Fin. Inc.,* No. 3:21-CV-1658 (OAW), 2023 WL 3981280, at *1 (D. Conn. June 13, 2023) (court disregarded arguments in response to supplemental authority to extent new arguments presented). Because Defendants' "Response" constitutes an unauthorized sur-reply and introduces new argument after the motion to dismiss was fully briefed, it should be stricken or disregarded in its entirety.

In the alternative, if the Court elects to consider Defendants' submission, Plaintiff respectfully requests leave to file a short reply, not to exceed the number of pages of the Defendants' Response.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Strike Defendants' "Response to Notice of Supplemental Authority" (ECF No. 115) as unauthorized under D. Conn. L. Civ. R. 7(f) and Judge Russell's pre-trial preferences; or,
2. In the alternative, grant Plaintiff leave to file a reply addressing the issues raised in Defendants' Response.

Dated: October 28, 2025
New York, New York

Respectfully submitted,

**NESENOFF & MILTENBERG, LLP**

*/s/ Kimberly S. Courtney*
**Kimberly S. Courtney**
**(admitted pro hac vice)**
**Stuart Bernstein, Esq.**
**(admitted pro hac vice)**
**Andrew T. Miltenberg**
**(admitted pro hac vice)**
**363 Seventh Avenue, 5th Floor**
**New York, New York 10001**
**212-736-4500 (telephone)**
**kcourtney@nmllplaw.com**
**sbernstein@nmllplaw.com**
**amiltenberg@nmllplaw.com**

**Audrey A. Felsen, Esq.**
**Koffsky & Felsen, LLC**
**1261 Post Road, Suite 202B**
**Fairfield, CT 06824**
**(203) 327-1500**
**Federal Bar No.: ct20891**
**audrey@koffskyfelsen.com**

*Attorneys for Plaintiffs*