UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| THIERRY RIGNOL, | : | CASE NO. 3:25-cv-00159-SFR |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, YALE UNIVERSITY | : | |
| BOARD OF TRUSTEES, WENDY TSUNG, | : | |
| K. GEERT ROUWENHORST, JACOB | : | |
| THOMAS, SHERILYN SCULLY, JAMES | : | |
| CHOI, AND ANJANI JAIN, | : | |
|    Defendants. | : | NOVEMBER 10, 2025 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION TO STRIKE PLAINTIFF'S NOTICE**

Defendants respectfully object to Plaintiff's Motion to Strike (ECF 117 ("Motion to Strike" or "Motion")) their Response ("Response" (ECF 115)) to Plaintiff's Notice of Supplemental Authority ("Notice of Supplemental Authority" or "Notice" (ECF 114)). The Court should deny Plaintiff's Motion. In the alternative, Defendants move to strike Plaintiff's Notice of Supplemental Authority and the Court should strike Plaintiff's Notice.

**I.    PRELIMINARY STATEMENT**

Without seeking leave of Court, Plaintiff filed what he labeled a "Notice of Supplemental Authority." The Plaintiff did not limit his filing to a citation to authority. He also explained why the cited authority bolstered the position he advocated. In other words, Plaintiff filed a Sur-Reply, without seeking leave of Court. Defendants, of course, filed a Response to Plaintiff's brief. Plaintiff's Motion to Strike amounts to an argument that he can file a Sur-Reply but Defendants cannot. The Court should consider both filings. The arguments about Judge Bolden's decision in *Indian Mountain* were made by Plaintiff in another filing and Defendants responded to the

arguments in another filing. Plaintiff's Motion to Strike is a lot about nothing and should be denied. Alternatively, if the Court strikes Defendants' Response, the Court should also strike Plaintiff's Notice because it is a Sur-Reply, filed without permission of the Court.

## II. BRIEF FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Plaintiff's Notice Of Supplemental Authority And Objection To A Stay

Plaintiff filed his Notice of Supplemental Authority on October 8, 2025. (ECF 114.) Plaintiff's Notice did not merely cite to a recent decision. Plaintiff summarized his view of the decision, asserting: "Judge Bolden denied Defendants' motion seeking the dismissal of contract and tort claims, among others, arising from school disciplinary proceedings." (ECF 114 at 1.) Plaintiff also quoted what he sought to draw the Court's attention to in the decision: "The Court held that whether the school acted arbitrarily or in bad faith is 'better addressed at summary judgment, following the completion of discovery, rather than now.'" (ECF 114 at 1 (quoting *Doe v. Indian Mountain Sch.*, No. 3:24-CV-01402 (VAB), 2025 WL 2783579 (D. Conn. Sept. 30, 2025)).) Plaintiff argued that "Judge Bolden's decision, although not "binding" on this Honorable Court, is very pertinent and significant on the very issues before your Honor." (ECF 114 at 1.) Plaintiff's Notice is yet another brief making an argument that this Court should do what Plaintiff says Judge Bolden did in *Indian Mountain School*. (*See* ECF 114.)

Plaintiff made the same argument about *Indian Mountain School* in an Objection (ECF 112 ("Objection")) to Defendants' Motion to Stay. There was no genuine need for the Plaintiff's so-called Notice of Supplemental Authority because he briefed that issue in his Objection. Plaintiff's filing is really a Sur-Reply, for which Plaintiff did not seek or obtain permission to file.

    **B.**    **Defendants' Response And Reply In Support Of Their Motion To Stay**

Defendants, of course, filed a Response to Plaintiff's Notice. (ECF 115.) Defendants' briefing followed exactly what Plaintiff did. (*See* ECF 115 (discussing *Indian Mountain School*).) If Defendants' Response was improper then so was Plaintiff's Notice of Supplemental Authority. Either both briefs should be accepted by the Court or neither of them should be accepted.

**III.**    **LAW AND ARGUMENT**

    **A.**    **Either Both Parties' Filings Are Proper Or Neither Parties' Filings Are Proper**

Both Parties did the same thing. A new decision came out. Plaintiff cited to the *Indian Mountain School* decision, argued that Judge Bolden held "that whether the school acted arbitrarily or in bad faith is 'better addressed at summary judgment, following the completion of discovery, rather than now,'" and asserted that the decision "is very pertinent and significant on the very issues before [Y]our Honor." (Notice at 1 (quoting *Indian Mountain Sch.*, 2025 WL 2783579).) Defendants responded to Plaintiff's arguments. (ECF 115.) Either both filings are proper or neither are. Given that Plaintiff maintains that his filing was proper, the Court should consider the filings and arguments of all Parties.

    **B.**    **The Court Should Deny Plaintiff's Request For Further Briefing**

The Court should also deny Plaintiff's request for further briefing for at least two reasons.

First, because Plaintiff has already had numerous opportunities to discuss *Indian Mountain School* and respond to Defendants' arguments about *Gupta*'s application to disciplinary decisions and has done so. Among other examples, Plaintiff discussed *Indian Mountain School* in his Objection to Defendants' Motion to Stay and his Notice. (*See* ECF 112, ECF 113, & ECF 114.) Plaintiff also responded, or could have responded, to Defendants' arguments about *Gupta*, which Defendants raised before their Response, in those same filings. (*See, e.g.*, ECF 112.)

3

Second, the Court should deny further briefing because Plaintiff's attempt to delay a ruling on Defendants' Motion to Dismiss has gone on long enough and Plaintiff has shown that he cannot be trusted to adhere to the Court's Orders regarding further filings. When Defendants filed their initial Motion to Dismiss in May 2025, the Court gave Plaintiff an opportunity to "file an amended complaint in which he pleads *as many facts as possible*, consistent with Rule 11, to address the alleged defects discussed in Defendants' memorandum of law." (ECF 92 (emphasis added).) Plaintiff disregarded the Court's Order that any amendment be limited to additional *facts*. Plaintiff's Amended Complaint included a number of new legal claims Plaintiff had previously not asserted in contravention of this Court's Order. (*Compare* ECF 1, *with* ECF 102). Now, six months later and after briefing on Defendants' Motion to Dismiss and Defendants' related Motion to Stay, Plaintiff is asking for yet another opportunity to attempt to delay adjudication of Defendants' renewed Motion to Dismiss. The Court should not reward Plaintiff by giving him further briefing after all of this time, particularly in light of Plaintiff's disregard for the Court's Order.

## IV. CONCLUSION

Plaintiff raised arguments about a new case. Defendants responded. The Court should consider both Parties' filings or, alternatively, should not consider either filing. Not considering the filings makes little practical difference, however, because the arguments in question are raised in other filings that no one has moved to strike. Plaintiff's Motion to Strike is all about nothing and has wasted the time of the Defendants and the Court.

THE DEFENDANTS,
YALE UNIVERSITY, YALE
UNIVERSITY BOARD OF TRUSTEES,
WENDY TSUNG, K. GEERT
ROUWENHORST, JACOB
THOMAS, SHERILYN SCULLY,
JAMES CHOI, AND ANJANI JAIN

By: */s/ Brendan N. Gooley*
    James M. Sconzo (ct04571)
    Brendan N. Gooley (ct30584)
    CARLTON FIELDS, P.C.
    One State Street, Suite 1800
    Hartford, CT  06103-3102
    Telephone: (860) 392-5000
    Facsimile: (860) 392-5058
    E-mail:   jsconzo@carltonfields.com
              bgooley@carltonfields.com

    Their Attorneys

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on this 10th day of November, 2025, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                      */s/ Brendan N. Gooley*
                                      Brendan N. Gooley