**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JOHN DOE,**<br><br>*Plaintiff,*<br><br>v.<br><br>**YALE UNIVERSITY, YALE UNIVERSITY BOARD OF TRUSTEES, WENDY TSUNG in her individual and official capacity, K. GEERT ROUWENHORST in his individual and official capacity, JACOB THOMAS in his individual and official capacity, SHERILYN SCULLY in her individual and official capacity, JAMES CHOI in his individual and official capacity, and ANJANI JAIN in his individual and official capacity,**<br><br>*Defendants.* | **Civil Action No. 3:25-cv-00159-VDO** |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF**
**<u>PLAINIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

**NESENOFF & MILTENBERG, LLP**
***Attorneys for Plaintiff Thierry Rignol***
Stuart Bernstein, Esq.
Andrew T. Miltenberg, Esq.
Kimberly S. Courtney, Esq.

363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
sbernstein@nmllplaw.com
amiltenberg@nmllplaw.com
kcourtney@nmllplaw.com

**INTRODUCTION**

Plaintiff Thierry Rignol ("Mr. Rignol", "Plaintiff") respectfully moves this Court for leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). As demonstrated below, the proposed amendments are not futile, are made in good faith, will not cause undue delay or prejudice to Defendants, and justice requires that leave be granted. See Exhibit A (clean draft complaint), and Exhibit B (redline draft complaint).

**ARGUMENT**

**I.     The Legal Standard for Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading has been filed, a party may amend its pleading only with the opposing party's written consent or the court's leave, and that the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis,* 371 U.S. 178, 182 (1962). The Second Circuit has consistently held that although Rule 15 requires that leave to amend be freely given, district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive. *See Stegemann v. United States*, 132 F.4th 206 (2d Cir. 2025).

District courts should freely give leave to amend when justice so requires, absent futility, bad faith, undue delay, or undue prejudice to the opposing party. *Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*, 810 Fed. Appx. 17, 21. The burden is on the non-movant to demonstrate undue prejudice or bad faith. *Sementes v. Lamont*, No. 3:20cv1826 (MPS), 2022 WL 1043671 at 2 (D. Conn. Apr. 7, 2022).

## II.    Procedural Requirements for Motions to Amend

A party moving to amend a pleading must attach the proposed amended pleading as an exhibit to the motion. *Sardarian v. Fed. Emergency Mgmt. Agency*, 2020 U.S. Dist. LEXIS 7501 at 3. Here, Plaintiff has complied with all procedural requirements by attaching the proposed Third Amended Complaint as an exhibit to this motion. *See* Exhibits A and B.

## III.    The Proposed Amendments Are Not Futile

A district court may properly deny leave when amendment would be futile. *Stegemann*, 132 F.4th at 210. While futility is a valid reason for denying a motion to amend, this is true only where it is beyond doubt that the plaintiff can prove "no set of facts" in support of his amended claims. *Palmer v. Mae*, 755 F. App'x 43, 46 (2d Cir. 2018).

The proposed Third Amended Complaint sets forth detailed factual allegations supporting thirteen causes of action, including breach of contract, breach of the implied covenant of good faith and fair dealing, violations of Title VI of the Civil Rights Act of 1964, intentional and negligent infliction of emotional distress, promissory estoppel, violations of the Connecticut Unfair Trade Practices Act, defamation, false light invasion of privacy, wrongful discipline in violation of public policy, and violations of Connecticut General Statutes section 46a-58(a). through. Each claim is supported by extensive factual allegations regarding Yale's disciplinary proceedings, alleged violations of its own policies and procedures, alleged political discrimination, and alleged national origin discrimination. The proposed amendments are not futile because they are based in part on new factual bases, and state new, and newly supported, plausible claims for relief under applicable law.

2

**IV.     The Proposed Amendments Are Made in Good Faith**

There is no evidence of bad faith in Plaintiff's request to amend. The proposed Third Amended Complaint expands upon the factual allegations and legal theories presented in earlier versions of the complaint based on information obtained through discovery and further investigation. The amendments clarify the nature of Plaintiff's claims and provide additional factual support for those claims.

The proposed amendments include additional factual allegations regarding the selective targeting of conservative students for disciplinary action, and the pretextual nature of the charges brought against Plaintiff. through. These allegations are based on facts within Plaintiff's knowledge and information obtained through the litigation process.

**V.     The Proposed Amendments Will Not Cause Undue Delay**

Leave to amend may be denied for undue delay. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Here, the proposed amendments do not fundamentally alter the nature of the case or introduce entirely new claims that would require extensive additional discovery. Moreover, discovery has not yet begun in this case other than limited discovery for the purposes of a motion for preliminary injunction. The core allegations regarding Yale's disciplinary proceedings and alleged discrimination remain consistent with the earlier versions of the complaint. The amendments primarily add detail and additional legal theories based on the same underlying facts.

**VI.     The Proposed Amendments Will Not Cause Undue Prejudice to Defendants**

Undue prejudice to the opposing party is a legitimate ground for denying leave to amend. *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000). However, prejudice in this context means unfair disadvantage or difficulty in defending against the amended claims, not

3

merely the fact that the opposing party will have to respond to new allegations. The proposed

Third Amended Complaint does not introduce claims or allegations that would unfairly prejudice

Defendants. The factual allegations relate to events that occurred during Plaintiff's enrollment at

Yale and the subsequent disciplinary proceedings, all of which are within Defendants'

knowledge. Defendants have access to all relevant documents and witnesses regarding the Honor

Committee proceedings and the policies and procedures at issue.

Moreover, Defendants will have a full opportunity to respond to the amended complaint,

and to conduct discovery on any new factual allegations. The amendments do not deprive

Defendants of any procedural rights or place them at an unfair disadvantage in defending this

action.

## VII.    Justice Requires That Leave Be Granted

The overarching standard under Rule 15(a)(2) is that the court should freely give leave

when justice so requires. Fed. R. Civ. P. 15(a)(2). In this case, justice requires that Mr. Rignol be

permitted to amend his complaint to fully present his claims. The proposed amendments allow

Plaintiff to present a complete and detailed account of the alleged wrongdoing by Defendants,

including alleged violations of federal civil rights laws, state statutory protections, and common

law duties. Denying leave to amend would prevent Plaintiff from fully vindicating his rights and

would be inconsistent with the liberal amendment policy embodied in Rule 15(a).

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant leave to file the Third Amended Complaint attached as Exhibit A to this motion. The proposed amendments satisfy all procedural requirements, are not futile, are made in good faith, and will not cause undue delay or prejudice to Defendants. Justice requires that Plaintiff be permitted to fully present his claims.

Dated: May 8, 2025

New York, New York

Respectfully submitted,

**NESENOFF & MILTENBERG, LLP**

*/s/ Stuart Bernstein*
**Stuart Bernstein**
**(admitted pro hac vice)**
**Andrew T. Miltenberg**
**(admitted pro hac vice)**
**Kimberly S. Courtney**
**(admitted pro hac vice)**
**363 Seventh Avenue, 5th Floor**
**New York, New York 10001**
**212-736-4500 (telephone)**
**kcourtney@nmllplaw.com**
**sbernstein@nmllplaw.com**
**amiltenberg@nmllplaw.com**

**Audrey A. Felsen**
**Koffsky & Felsen, LLC**
**1261 Post Road, Suite 202B**
**Fairfield, CT 06824**
**(203) 327-1500**
**Federal Bar No.: ct20891**
**audrey@koffskyfelsen.com**

*Attorneys for Plaintiffs*

5

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 6, 2026, the undersigned counsel conferred with counsel of

record for Defendants regarding the relief requested in this Motion. Counsel for Defendants were

consulted, and have stated that they will file an opposition.


*/s/ Kimberly S. Courtney*
Kimberly S. Courtney

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of this motion upon each attorney

of record and the original upon the Clerk of Court on this the 8th day of May, 2026.

*/s/ Kimberly S. Courtney*
Kimberly S. Courtney