ATTORNEYS AT LAW

One State Street | Suite 1800
Hartford, Connecticut 06103-3102
860.392.5000 | fax 860.392.5058
www.carltonfields.com

Atlanta
Florham Park
**Hartford**
Los Angeles
Miami
Minneapolis
New York
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

Brendan N. Gooley
Shareholder
(860) 392-5036 Direct Dial
BGooley@carltonfields.com

July 31, 2026

The Honorable Vernon D. Oliver
United States District Judge
District of Connecticut
450 Main Street
Hartford, Connecticut 06103

Via Electronic Filing

Re: *Thierry Rignol v. Yale University et al.*, No. 3:25-cv-00159-VDO

Dear Judge Oliver:

We write on behalf of our clients, the Defendants, to respectfully request a Pre-Filing Conference before filing a Motion to Dismiss pursuant to Rule 12(b)(6).

Judge Russell, who presided over the preliminary injunction and initial motion to dismiss proceedings in this matter, found "that Defendants ha[d] presented sufficiently substantial arguments for dismissal [in one of their prior Motions to Dismiss] to weigh in favor of a stay." (ECF 119.) She made that finding after full briefing on the second Motion to Dismiss (ECF 106). Judge Russell also suggested that Plaintiff's primary claim, which is for breach of contract, fails because the Bulletin on which the contract claim is based allows for deviations to the process on which Plaintiff relies. (*E.g.*, ECF 82 34:5–11 ("The Court: [] I will just say I think the challenge of the contract claim is the fact that the contract or the Bulletin itself talks about deviations from the provisions being permissible. . . . So I do think that's a challenge for your contract claim.").) Judge Russell's skepticism was well founded. There are multiple problems with Plaintiff's claims and ample bases for a Motion to Dismiss. (*See, e.g.*, ECF 106.) We respectfully request that the Court permit Defendants to file a Motion to Dismiss.

## I. BRIEF FACTUAL BACKGROUND AND CLAIMS

Plaintiff was a student in Yale University's School of Management (the "School"). (Cmplt. (ECF 124) ¶ 1.) A teaching assistant flagged his final exam in a class as suspicious because it was "'unusually long, elaborately formatted, and written with near perfect punctuation and grammar.'" (Cmplt. ¶ 94.) The class professors also found the exam suspicious. (Cmplt. ¶ 94.) They suspected Plaintiff impermissibly used artificial intelligence ("AI") and referred the matter to the School's Honor Committee for investigation. (Cmplt. ¶ 94.) The Honor Committee repeatedly asked Plaintiff to provide "the Word file from which the PDF [of his exam] was produced." (ECF 106-

3.) The Committee further warned Plaintiff that it would consider any failure to produce the file as "'not be[ing] forthcoming with the Committee'" and "'an extraordinary violation of the Honor Code.'" (Cmplt. ¶¶ 122, 125; ECF 106-3.) Months went by, but Plaintiff did not produce the file. (Cmplt. ¶ 164.) The Committee questioned Plaintiff's failure to do so at Plaintiff's disciplinary hearing. (Cmplt. ¶ 164.) Plaintiff claimed he had not produced the file because the Committee asked for a "Word" file, but he had used Apple "Pages" to write his exam. (Cmplt. ¶ 164.) Plaintiff finally produced the file after the hearing. (Cmplt. ¶ 166.) Consistent with its warnings, the Honor Committee found Plaintiff was not forthcoming because he did not timely produce the file and suspended him. (Cmplt. ¶ 171.) Plaintiff appealed to the School's Faculty Review Board. (Cmplt. ¶ 181.) He claimed that "'not being forthcoming' [was] not a basis for punishment on its own without a finding of a violation of the Honor Code." (Cmplt. ¶ 181.) The Faculty Review Board upheld Plaintiff's suspension. (Cmplt. ¶ 183.) The Faculty Review Board also asked the Honor Committee to determine whether Plaintiff had used AI. (Cmplt. ¶ 184.) The Honor Committee concluded that Plaintiff used AI and imposed an "F" in the class. (Cmplt. ¶ 193.)

Plaintiff has sued Yale University (the "University"), the "Yale University Board of Trustees," which is not an entity, and six University administrators and/or professors (the "Individual Defendants"). Plaintiff claims assert (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) national origin discrimination under Title VI and Conn. Gen. Stat. § 46a-58, (4) retaliation under Title VI and Conn. Gen. Stat. § 46a-58, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) promissory estoppel, (8) violation of the Connecticut Unfair Trade Practices Act, (9) defamation, (10) false light invasion of privacy, and (11) "wrongful discipline in violation of public policy." (Cmplt.) He also seeks declaratory relief, much of which is moot. For example, Plaintiff seeks to be "immediately reinstated" even though he has already graduated. (Prayer; *see* Cmplt. ¶¶ 36, 361.)

## II. PLAINTIFF'S CLAIMS FAIL

Plaintiff's claims fail for a variety of reasons. (*See* ECF 106-1.)

Plaintiff's primary claim is for breach of contract. He asserts that the Honor Committee proceedings deviated from the process outlined in the Bulletin. As Judge Russell noted, however, the Bulletin states that the process set forth therein is "customary" and that "deviations may be taken." (ECF 106-2 at 4.) That dooms Plaintiff's claim. The University did not breach the Bulletin and Plaintiff has not satisfied the high standard required of him by *Gupta v. New Britain General Hospital*, 239 Conn. 574, 687 A.2d 111 (1996), and its progeny.

Plaintiff knows his claims are not viable and he's trying to avoid total dismissal through another amendment to the complaint. He now claims he was targeted by Professors because of his conservative points of view, and that targeting violates promises made by the University to afford students the right to free speech. (Cmplt. ¶ 2.) Plaintiff never raised this theory with the University and therefore cannot do so now. *Neiman v. Yale Univ.*, 270 Conn. 244, 255, 851 A.2d 1165, 1172 (2004) (exhaustion doctrine applies). The Court has also held that documents Plaintiff relies on are not contractual and the Second Circuit affirmed. *Lee v. Yale University*, 624 F. Supp. 3d 120, 136 (D. Conn. 2022), *aff'd*, No. 22-2634, 2023 WL 4072948 (2d Cir. June 20, 2023). This theory

is also beyond implausible: A teaching assistant flagged Plaintiff's exam based on multiple suspicions, and Plaintiff willfully ignored the Honor Committee's requests.

Plaintiff's national original discrimination theory is even more implausible. Plaintiff claims he was discriminated against because he is from France even though Plaintiff has resided in the United States for many years. (Cmplt. ¶¶ 34, 282.) There is not one plausible factual allegation relating the discipline at issue to national origin discrimination. Plaintiff's exam was flagged by a teaching assistant and Plaintiff refused to cooperate with the Honor Committee.

Plaintiff has not come close to plausibly alleging extreme and outrageous conduct, required for a claim of intentional infliction of emotional distress. *Greenhouse v. Yale Univ.*, No. 3:05CV1429 (AHN), 2006 WL 473724, at *3 (D. Conn. Feb. 28, 2006). The standard for negligent infliction of emotional distress is also not met. *Hamer v. Byrne*, 231 Conn. App. 53, 80 (2025) (plaintiff must prove defendant should have realized its conduct caused unreasonable risk of causing emotional distress that might result in illness or bodily harm). Plaintiff has not alleged facts showing that the University should have realized its actions would cause serious distress.

Plaintiff has failed to plausibly plead a claim under the Connecticut Unfair Trade Practices Act. Such claims are "limited to the financial aspects of a school's operations." *Doe v. Wesleyan Univ.*, No. 3:19-CV-01519 (JBA), 2021 WL 664010, at *14 (D. Conn. Feb. 19, 2021).

Plaintiff has not plausibly alleged a claim of defamation. Defamation claims must be pleaded with specificity. *Fraser v. Franco*, No. 3:22CV01014(SALM), 2022 WL 4367576, at *6 (D. Conn. Sept. 21, 2022). And truth is an absolute defense to a defamation claim. *El Omari v. Buchanan*, No. 22-55-CV, 2022 WL 4454536, at *3 (2d Cir. Sept. 26, 2022). Plaintiff's defamation claim is not pleaded with specificity and is based on statements that are true. Plaintiff was found to have used AI. (*E.g.*, ECF 106-9.) Plaintiff's false light claim fails for similar reasons and because the statements at issue were not highly offensive or made to a public audience.

No claim for "wrongful discipline in violation of public policy" exists in the law.

Plaintiff's claims for declaratory relief are largely moot and otherwise fail.

The Individual Defendants are not subject to liability on a number of claims as a matter of law and Plaintiff has not alleged facts sufficient to assert liability against them on the other claims. The "Yale University Board of Trustees" is not a legal entity subject to being sued. *Gash v. Rosalind Franklin Univ.*, 691 F. Supp. 3d 858, 860 n.1 (N.D. Ill. 2023), *aff'd*, 117 F.4th 957 (7th Cir. 2024) (dismissing "Board of Trustees" in lawsuit filed by Plaintiff's counsel's firm).

## III. CONCLUSION

A Motion to Dismiss is warranted. The parties met and conferred about this but made little progress. Plaintiff is considering withdrawing the claims against "Yale University Board of Trustees." The parties propose that Defendants file their Motion to Dismiss on August 31, 2026,

that Plaintiff file his Objection on September 28, 2026, and that Defendants file their Reply on October 14, 2026.

Very truly yours,

*/s/ Brendan N. Gooley*

Brendan N. Gooley