NESENOFF & MILTENBERG
New York | Boston

ATTORNEYS AT LAW

nmllplaw.com

Ira S. Nesenoff
Andrew T. Miltenberg
Stuart Bernstein

Tara J. Davis
Gabrielle M. Vinci
Kara L. Gorycki

Barbara H. Trapasso
Kristen E. Mohr
Helen J. Setton
Kirsten E. Roy
Brittany E. Bard
Lauren G. Hutchison

Adrienne D. Levy
Regina M. Federico
Kimberly S. Courtney
*Senior Litigation Counsel*

Marybeth Sydor
*Title IX Consultant*

August 7, 2026

**VIA ELECTRONIC FILING**

**The Honorable Vernon D. Oliver**
United States District Judge
United States District Court for the District of Connecticut
450 Main Street, Hartford, Connecticut 06103

**Re: Thierry Rignol v. Yale University, et al., Case No. 3:25 cv 00159 VDO**
**Plaintiff's Letter Response to Defendants' Pre-Filing Request**

Dear Judge Oliver:

After Defendants failed to abide by the Court's Pretrial Preferences when filing their Motion to Dismiss, the Court ordered Defendants to file a letter setting forth the basis for Defendants' anticipated motion and a proposed briefing schedule (ECF No. 126).

The parties have since conferred and can agree to the following briefing schedule: (1) Defendants' Motion to Dismiss due on August 31, 2026; (2) Plaintiff's Opposition due on September 28, 2026; and (3) Defendants' Reply due on October 14, 2026.

However, although Plaintiff agrees to the above briefing schedule in the interest of resolving this matter efficiently, Plaintiff would respectfully alert the Court that Plaintiff opposes Defendants' argument regarding the basis for Defendants' anticipated Motion to Dismiss (ECF No. 127).

Despite the clear boundaries at the Rule 12(b)(6) stage of litigation that prohibit premature fact-finding and presume that a plaintiff's allegations are true (*Anderson News, LLC v. Am. Media, Inc*., 680 F.3d 162, 185 (2d Cir. 2012)), Defendants' argument relies upon a highly curated, one-sided narrative setting forth Defendants' alternative "facts." Thus, Defendants' letter leaves Plaintiff in the difficult position of having to respond point-by-point to a narrative that is not only erroneous, but ultimately irrelevant to the issues before the Court at the 12(b)(6) stage. Suffice it to say, Plaintiff's professionally drafted Complaint easily fulfills the 12(b)(6) standard that the facts, taken as true, satisfy the elements of each cause of action.

Defendants' primary legal contention - that the breach of contract claim fails because the Bulletin reserves the right to procedural "deviations" – is flawed. *Gupta* itself recognizes that an

educational institution "does not have license to act arbitrarily, capriciously, or in bad faith." *Gupta v. New Britain Gen. Hosp.*, 239 Conn. 574, 595 (1996). Likewise, contrary to Defendants' assertions, a plaintiff does not need to prove a *prima facie* case of discrimination to survive a motion to dismiss. Rather, Plaintiff need only allege facts supporting a "minimal inference of discriminatory motivation" (*Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). The Complaint easily satisfies this standard by alleging that Plaintiff was one of only three students out of seventy-two in his Executive MBA cohort who openly expressed conservative political viewpoints in class, and that Defendants selectively targeted and disciplined all three of these conservative students on highly suspect, arbitrary grounds, all while giving a free pass to comparable behavior by classmates with different political beliefs.

The national-origin claims rest on the same pleading standard. Contrary to Defendants' assertions, Plaintiff need not allege direct evidence of anti-French animus. The Complaint alleges that Defendants knowingly deployed a detection tool that published research shows systematically misclassifies the writing of non-native English speakers as non-human-generated, and that they deployed it against a single exam out of seventy-two: that of a French national writing in his second language. Knowingly selecting an instrument biased against non-native English writers, and applying it exclusively to a non-native English writer, readily supports the required minimal inference of intentional discrimination based on national origin.

Defendants' emotional distress arguments simply ignore the Complaint's allegations that Dean Scully falsely told Plaintiff his visa could be revoked and he "could be deported as a result of the investigation", a threat that was legally baseless, indifferent to his actual immigration status, and made to coerce a confession to an offense he denied committing. A dean falsely threatening a foreign student with deportation to force a false confession is conduct a reasonable juror could find extreme and outrageous. Nothing more is required at this stage.

In addition, a deportation threat is a form of coercion available only against students of foreign origin because no citizen classmate could be pressured with it, and its alleged use as standard practice against international students readily supports the requisite "minimal inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311. Defendants' response, that Plaintiff "has resided in the United States for many years", is a non sequitur; residency does not alter national origin, and it certainly does not blunt a deportation threat. And at any rate, the length of Plaintiff's residence is a factual argument that has no bearing on the 12(b)(6) standard.

Finally, Defendants' letter invokes comments that Judge Russell made during an oral argument regarding a motion for a preliminary injunction, attempting to frame Judge Russell's passing comments as if they were somehow binding adjudications on the 12(b)(6) issue. Defendants' invocation is both without merit and without context. In context, while deliberating during oral argument, Judge Russell at various times recounted what she viewed as the pros and cons of both parties' positions on the preliminary injunction questions. For example, she

NESENOFF & MILTENBERG
New York | Boston



articulated Plaintiff's alternative theory, that Defendants "acted arbitrarily and capriciously" because Plaintiff was "being sort of punished for asserting [his] rights", which defense counsel conceded was "fair." (ECF No. 82 at 74.) None of these exchanges, which cut both ways, resolve the issues before the Court at the 12(b)(6) stage.

Plaintiff's Complaint easily satisfies the 12(b)(6) standard, and if the Court is inclined to permit Defendants to file a motion to dismiss, Plaintiff is happy to refute said motion in full detail at the appropriate time. Given the Court's three-page limit, this letter does not address each of Defendants' arguments. Plaintiff maintains all thirteen counts and reserves his full response for opposition briefing on the schedule above.

Respectfully submitted,

NESENOFF & MILTENBERG, LLP

By: /s/ ***Stuart Bernstein***
Stuart Bernstein (admitted pro hac vice)
Andrew T. Miltenberg (admitted pro hac vice)
Kimberly S. Courtney (admitted pro hac vice)
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Phone: 212.736.4500
Email: sbernstein@nmllplaw.com

and

KOFFSKY & FELSEN, LLC
Audrey A. Felsen (ct20891)
1261 Post Road, Suite 202B
Fairfield, Connecticut 06824
Phone: 203.254.9877
Email: afelsen@koffskyfelsen.com

Attorneys for Plaintiff Thierry Rignol

NESENOFF &
MILTENBERG
New York | Boston



**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the above upon each attorney of record and the original upon the Clerk of Court on this the 7th day of August, 2026.

*/s/ Kimberly S. Courtney*
Kimberly S. Courtney

363 Seventh Avenue | 5th Floor | New York, NY | 10001 | T: 212.736.4500
101 Federal Street | 19th Floor | Boston, MA | 02110 | T: 617.209.2188